Evans v. Evans.

No. 12,602.

EVANS v. EVANS.

DIVORCE.—*Change of Venue.*—*Practice.*—A divorce proceeding has all the requisites of an action, and is a civil action, as defined by the code, in such a sense that the provisions of the civil code providing for a change of venue from the county are applicable. *Musselman* v. *Musselman*, 44 Ind. 107, disapproved.

ELLIOTT, J., dissents. MITCHELL, J., doubts.

From the Kosciusko Circuit Court.

*J. S. Frazer, W. D. Frazer, A. G. Wood* and *R. B. Encell*, for appellant.

*E. Haymond, L. W. Royce, A. Brubaker* and *J. H. Brubaker*, for appellee.

ZOLLARS, J.—The court below awarded to appellee a divorce, alimony and the custody of the children.

Appellant prosecutes this appeal and insists that the judgment should be reversed, because the trial court overruled his motion for a change of venue from the county. That motion was based upon an affidavit, in which appellant stated that he could not have a fair and impartial trial in Kosciusko county, for the reason that appellee had an undue influence over the citizens of that county, and for the reason that an odium attached to him in that county on account of local prejudice against him.

The above affidavit states the causes for a change of venue from the county, as those causes are provided and stated in the code of civil procedure. R. S. 1881, section 412. That section provides as follows: "The court in term, or the judge thereof in vacation, shall change the venue of any civil action upon the application of either party, made upon affidavit showing one or more of the following causes: * * *

"*Third.* That the opposite party has an undue influence over the citizens of the county, or that an odium attaches to the applicant * * * on account of local prejudice. * * *

"*Seventh.* When either party shall make and file an affidavit of the bias, prejudice, or interest of the judge before whom the said cause is pending."

The divorce act contains no provision for a change from the judge, nor for a change of venue from the county. The above section of the civil code, it will be observed, provides for a change of venue in *civil actions.* We are thus met, *in limine,* with the one question in the case, viz.: Is a divorce case a civil action in such a sense that the above section of the code of civil procedure is applicable thereto?

In the recent case of *Powell* v. *Powell,* 104 Ind. 18, after a careful examination of the question, it was held, that where the procedure is prescribed in the divorce act, that should be pursued, and not the civil code; that so far as a procedure is provided in that act, it may be called a special proceeding, and that where it is apparent that the Legislature intended that certain sections of the civil code should not apply in divorce cases, they will not be applied. It was further held, that, under the code, divorce cases are, in some sense at least, "civil actions;" that the rules of pleading and practice provided in the civil code will apply to them, except to the extent that a different procedure may be provided in the divorce act, and to the extent that it may be apparent that the Legislature intended otherwise. As a result of these holdings, it was further held, that the above section of the civil code, providing for a change from the judge, is applicable to divorce cases, and that upon the filing of the proper affidavit under that section, in any case, the change must be granted.

We can see no reason why the reasoning and conclusion in that case are not applicable, and controlling here. Changes of venue are provided for, in order that parties litigant may have fair and impartial trials, and hence the provision for a change from an interested or biased judge, and hence, also, the provision for a change of venue from the county where one of the parties may have an undue influence over the citizens, or where an odium may attach to one of the parties, or

to his cause of action or defence, on account of local prejudice. The parties to a litigated case are entitled to a trial in a forum where the scales of justice may balance evenly, unaffected by the influence of either party, or the odium that may result from local prejudice. We can think of no case where this is more important than in a divorce case. Property is involved in the settlement of alimony. It has recently been held, too, by this court, reasserting former rulings, that all of the property rights of the parties, as between themselves, of whatever nature, must be settled in the divorce proceedings, and that they will be presumed to have been so settled. *Rose* v. *Rose*, 93 Ind. 179; *Behrley* v. *Behrley*, 93 Ind. 255.

More than property is involved in the adjudication that shall sunder the marital relation, fasten upon one of the parties, it may be, the brand of dishonor, break up the children's home, and deprive one of the parties of their society and companionship. It can hardly be supposed that the Legislature intended that such cases, fraught with such consequences, and in which the public have an interest aside from the parties, should be tried in a less impartial forum than ordinary civil actions, involving property only, and it may be a small amount of property. The more rational conclusion would seem to be that the intention was, that such cases should be tried in impartial tribunals, and that as no provision is made in the divorce act for reaching such tribunals by a change of venue, when necessary, the intention was, that resort might and should be had to the code of civil procedure.

There is nothing in the divorce act to show or indicate an intention on the part of the Legislature, that the above section of the code, providing for a change of venue from the county, should not be applicable to a proceeding for a divorce in a proper case, unless it be the facts that no such change is provided for in that act, that the case must be commenced in the county where the plaintiff resides, and that the

Evans *v.* Evans.

case is to be tried by the court without a jury.   If it be said that the fact that no such change is provided for in the divorce act, shows such an intention, then it may be answered that the act just as clearly shows an intention that in a divorce proceeding there shall be no demurrer, no continuance, no motion for a new trial, no exceptions, no bill of exceptions, and no appeal to the Supreme Court, because none of these are provided for in that act.   For these several steps in the procedure, it is absolutely necessary to look to the civil code.   The uniform practice has been to thus look to that code, and thus divorce cases have uniformly been recognized as in some sense, at least, civil actions.

It would hardly do to say that no change of venue shall be allowed from the county in divorce cases, simply because such cases are to be commenced in the county where the plaintiff resides, and are to be tried by the court without a jury.   There are many cases that must be commenced in a particular and named county.   For example, actions to foreclose mortgages must be commenced in the county where the land is situated. Such cases, actions to set aside fraudulent conveyances, actions for injunction, actions to set aside contracts for fraud, actions to settle partnerships, actions for specific performance, actions to enforce vendors' and like liens, and all that class of cases which, before the adoption of the Constitution, were of equitable cognizance, must now be tried by the court without a jury.   In all these cases, the venue must be changed from the county upon motion, supported by the proper affidavit. They are civil actions, and the statute is emphatic, that in all civil actions the venue must be changed from the county upon motion supported by an affidavit, such as the statute declares to be sufficient.   Hence it will not do to say that the venue can not be changed from the county simply because the case is to be tried by the court without a jury.

Of course, the reasons for allowing a change of venue from the county in cases triable by jury are apparent, and more apparent than in cases where a jury can not be demanded.   Pos-

sibly it would not be unreasonable to say that where cases are to be tried by the court without a jury, no sufficient reason appears why there should be a change of venue from the county, but that is a matter for the Legislature. It is enacted that the venue shall be changed from the county in all civil actions upon the filing of the proper affidavit. Clearly this court has no authority for going behind the statute to seek for reasons, and to adjudge them to be sufficient or insufficient. Doubtless the Legislature thought that reasons exist, and that they are sufficient. It may be possible that local prejudice against one party may be such, and the influence of the other party over the citizens of the county so great, as to affect the witnesses. In addition to this, the court may, in all cases, refer questions of fact to a jury. It has been held that this may be done in divorce cases. *Morse* v. *Morse,* 25 Ind. 156.

The court is not bound to, but may, adopt the finding of the jury upon the facts; and thus an injury might be inflicted in refusing to change the venue from the county in cases in which a jury trial can not be demanded as a matter of right. But, as we have said, these are matters for the consideration of the Legislature. The courts can not except from the operation of the statute any particular cases without assuming the functions of legislation, and they can not except divorce cases from the operation of the statute without holding that the Legislature intended that they should stand upon a less favorable basis than other cases. Such a holding, we think, is not authorized by the divorce act, nor any other enactment by the Legislature.

Why should a change of venue be allowed from the county in other cases triable by the court, and not in divorce cases? We are unable to think of any reason. We think there is no reason unless it be, so says the law.

The case relied upon by appellee, and the only one directly in point, is the case of *Musselman* v. *Musselman,* 44 Ind. 106. It was held in that case, that there can be no change of venue

from the county in divorce cases, for two reasons: *First.* Because a divorce case is in no sense a civil action, and that hence the section of the civil code providing for a change of venue in civil actions is not applicable in divorce cases. *Second.* Because divorce cases are to be tried by the court without a jury.

The first reason upon which the case was made to rest, was overthrown by the case of *Powell* v. *Powell, supra,* it being there held, as we have already stated, that a divorce case is a civil action, in such a sense, at least, that the section of the civil code authorizing a change from the judge is applicable thereto. We shall not extend this opinion to repeat the reasoning in that case, but add a few additional observations.

The first section of the civil code provides as follows: " There shall be no distinction in pleading and practice between actions at law and suits in equity; and there shall be but one form of action for the enforcement or protection of private rights and the redress of private wrongs, which shall be denominated a civil action." R. S. 1881, section 249.

In the mother country, divorce cases were formerly within the jurisdiction of the ecclesiastical courts. These courts we have not, and never had, either in the colonies or in the States. With us, all divorce jurisdiction comes from statute. 2 Bishop Marriage and Divorce, section 254.

At different times, different States adopted the practice of granting divorces by act of the Legislature. Such was the case at one time in this State. The Legislature, however, could not settle the question of alimony. The different States have adopted statutes, prescribing causes for divorce, and providing that they shall be granted by the courts after trial. As a general thing, they have been regarded as belonging to the equity courts, where such courts exist separate from the common law courts. Prior to the adoption of our Constitution of 1851, they were regarded as of equitable cognizance in this State. These statutes, especially the statutes of this

State, have joined with the action for divorce the question of settling and fixing the custody of the children and the settlement of all property rights between the parties. It sometimes happens that the parties are indifferent about the divorce, but wage the severest litigation over the question of alimony and the settlement of property rights. It would not be reasonable to say, that in a case involving the questions of a divorce, the custody of children, the amount of alimony and the final settlement of property rights, the proceeding is in no sense an "action for the enforcement or protection of private rights and the redress of private wrongs." Where all of these interests are involved in a litigation, the proceeding is clearly an action. An action at law has been defined as follows: "The rightful method of obtaining in court, what is due to any one." *Badger* v. *Gilmore*, 37 N. H. 457. "An action is the lawful demand of one's rights in the form given by law." *Hall* v. *Decker*, 48 Maine, 255. "Any judicial proceeding which, conducted to a termination, will result in. *a judgment*, is an action." *People* v. *County Judge*, 13 How. Pr. 398 (400).

"What is a civil action? It is an action wherein an issue is presented for trial, formed by the averments of the complaint, and the denials of the answer, or the replication to new matter, and the trial takes place by the introduction of legal evidence to support the allegations of the pleadings, and a judgment in such an action is conclusive upon the rights of the parties, and could be plead in bar." *Deer Lodge Co.* v. *Kohrs*, 2 Mon. 60, 70.

In a divorce case, under our statutes, issues are formed, evidence is heard, and judgment is rendered, settling the status of the parties and the rights of property, and such a judgment is conclusive and may be pleaded in bar. Such a proceeding has all the requisites of an action, and is a civil action, as defined by the code, at least, in such a sense that the provisions of the civil code providing for a change from

the judge, and a change of venue from the county, are applicable thereto.

Of the second ground upon which the Musselman case rests, we have said sufficient. It results from the foregoing that the case of *Musselman* v. *Musselman, supra,* so far as it holds that there can not be a change of venue from the county in divorce cases, must be disapproved. It also results, that the judgment in the case before us must be reversed for the error of the court below in overruling appellant's motion for a change of venue from the county.

Judgment reversed at appellant's costs.

ELLIOTT, J., dissents.

MITCHELL, J., doubts.

Filed Feb. 19, 1886.

## ON PETITION FOR A REHEARING.

ZOLLARS, J.—We can not treat the refusal of the court below to grant a change of venue from the county as a harmless error. If we might so treat it in this case, simply because a trial by jury can not be demanded as a matter of right, then we might treat as a harmless error such a refusal in all other cases where a trial by jury can not be demanded as a matter of right. To so hold would be, to that extent, to overthrow the statute giving the right of a change of venue from the county. If that statute is an unwise one, resort must be had to the Legislature for its repeal, amendment or modification. When a statute is constitutional, this court can not question its propriety.

Appellant's legal rights, as given by the statute, were violated by the overruling of his motion to change the venue from the county. There is nothing in the record before us to show that this did not affect his substantial rights.

Upon the question of the duty of appellate courts, when a former decision is found to have been erroneous, we content ourselves with a citation of the cases of *Hibbits* v. *Jack,*

97 Ind. 570 (49 Am. R. 478), *Hines* v. *Driver*, 89 Ind. 339, and *Paul* v. *Davis*, 100 Ind. 422.

Petition for a rehearing overruled.

