Middleton, J.
The sole question presented to this court is with respect to the ruling of the Probate Court upon the motion of the plaintiff to strike from the files the demand of the defendants for a jury.
*282 The journal entry setting forth the ruling of the Probate Court on the motion to strike the demand for a jury contains the following reason for that ruling:
“The court further finds from the arguments and briefs of counsel that the demands for jury are not well taken because of the fact that there is no provision for a trial by jury in a declaratory judgment proceeding in the state of Ohio.”
The judgment of the Court of Appeals which reversed that of the Probate Court states as follows the reason for the reversal:
“* * * the judgment of the said Probate Court of Cuyahoga County is reversed for error in granting plaintiff-appellee’s motion to strike the jury demands of the appellants herein, and said appellants are entitled to a jury trial * *
It, therefore, appears that the Probate Court took the view that there is no provision whatever for a jury trial in a declaratory judgment action, and the Court of Appeals went to the other extreme by holding that the defendants are positively entitled to a jury trial. It appears to this court that neither of the positions taken by the two lower courts is correct.
Actions for declaratory judgment are a creature of comparatively recent legislation. Such type of action did not exist prior to the adoption of the Ohio Constitution, and consequently it is manifest that there was no right to trial by jury in such actions prior to the adoption of the Constitution. Any right to trial by jury in such actions is, therefore, not vouchsafed by the Constitution but must be found in the statutes. See Dunn v. Kanmacher, 26 Ohio St., 497; Mason v. State, ex rel. McCoy, 58 Ohio St., 30, 55, 50 N. E., 6, 41 A. L. R., 291; Keller v. Stark Electric Ry. Co., 102 Ohio St., 114, 116, 130 N. E., 508; Belding v. State, ex rel. Heifner, 121 Ohio St., 393, 169 N. E., 301.
*283 Jurisdiction of declaratory judgment actions was in the first instance conferred upon the Probate Court by legislation effective January 1, 1932. The provision conferring such jurisdiction remains as part of Section 10501-53, General Code, which is found in the Probate Code and which reads:
“Except as hereinafter provided, the Probate Court shall have jurisdiction:
i i * * *
“12. To render declaratory judgments * * *.”
Effective October 10, 1933, the so-called Declaratory Judgments Act became effective and it was incorporated in the General Code as Sections 12102-1 to 12102-16, inclusive. By Section 12102-1, the provisions of which remain unchanged to the present time, jurisdiction of declaratory judgment actions was conferred upon “courts of record within their respective jurisdictions.” Section 12102-9 (Section 2721.10, Revised Code), provided and still provides:
“When a proceeding under this act involves the determination of an issue of fact, such issue may be tried and determined in the same manner as issues of fact are tried and determined in other civil actions in the court in which the proceeding is pending. ’’ (Emphasis supplied.)
When a declaratory judgment action is properly instituted in the Probate Court it is manifest that the Probate Court is then “the court in which the proceeding is pending.”
The clear meaning of Section 12102-9, General Code, is that, if the declaratory judgment action is properly instituted in the Probate Court, any issue of fact may be tried and determined in the same manner as issues of fact are tried and determined in “other civil actions” in the Probate Court.
That a declaratory judgment action is a “civil ac *284 tion” we do not consider debatable. Its characteristics are such as to satisfy the essentials of all accepted definitions of civil actions. Among the many of such definitions, we consider the following, which is quoted in Evans v. Evans, 105 Ind., 204, 210, 5 N. E., 24, as particularly clear and concise:
“ ‘It is an action wherein an issue is presented for trial, formed by the averments of the complaint, and the denials of the answer, or the replication to new matter, and the trial takes place by the introduction of legal evidence to support the allegations of the pleadings, and a judgment in such an action is conclusive upon the rights of the parties, and could be plead in bar.’ ” See, also, 1 American Jurisprudence, 432, Section 41; 1 Corpus Juris Secundum, 944, Section 1.
The determination of questions of fact in the Probate Court is governed by Section 10501-32, General Code, which appears in the Probate Code and reads:
“Unless otherwise provided by law, all questions of fact shall be determined by the probate judge, unless, in his discretion, he orders them to be tried by a jury, or referred, as provided herein.'’’ (Emphasis supplied.)
This section was enacted as part of the Probate Code which became effective January 1, 1932, but the pertinent portion of it has been in the statutes of Ohio for at least 100 years. On March 14, 1853, the General Assembly passed an act entitled, “Defining the Jurisdiction and Regulating the Practice of Probate Courts,” which became effective July 1, 1853 (51 Ohio Laws, 167, Section 28). That section read:
“All questions, except those arising in criminal actions and proceedings, unless otherwise provided by law, shall be determined by the probate judge, unless in his discretion he shall order the same to be tried by *285 a jury, or referred, as provided in' section two hundred and eighty-five of the Code of Civil Procedure of this state.” (Emphasis supplied.)
The argument is made that Section 11379, General Code, which appears in Division III, Trial, relates to and governs the trial of the instant action. That section reads:
“Issues of law must be tried by the court, unless referred as hereinafter provided. Issues of fact arising in actions for the recovery of money only, or specific real or personal property, shall be tried by a jury, unless a jury trial be waived, or a reference be ordered as hereinafter provided.”
There is no statement in the Code to indicate that the provisions of Section 11379 supersede or override the provisions of Section 10501-32. In fact, the two statutory provisions have lived side by side in substantially the present form since 1853. The predecessors of Section 11379, General Code, were enacted by the General Assembly on March 11, 1853, as part of the Code of Civil Procedure and became effective July .1, 1853, 51 Ohio Laws, 57, Sections 263 and 264. Those sections provided:
“Section 263. Issues of law must be tried by the court, unless referred as provided in section two hundred and eighty-one. Issues of fact arising in actions for thp recovery of money, or of specific real or personal property, shall be tried by a jury, unless a jury trial is waived, or a reference be ordered as hereinafter provided.
‘ ‘ Section 264. All other issues of fact shall be tried by the court, subject to its power to order any issue or issues to be tried by a jury, or referred as provided in this Code.”
It is to be noted that in the instant case the jurisdiction of the Probate Court was not challenged. The *286 question of jurisdiction was not before the Court of Appeals and is not before this court. For the purpose of this case, this court must assume but does not decide that the action was properly brought in the Probate Court.
The argument that Section 11379, General Code, authorizes and requires that issues of fact be tried to a jury in all instances would nullify Section 10501-32 so far as it authorizes the probate judge to determine questions of fact. To say that Section 10501-32 and Section 12102-9 confer no authority upon the probate judge to order the determination of the facts by jury would be to entirely disregard a portion of the plain language of those sections. Our conclusion is: If the subject matter of the declaratory judgment action is within the jurisdiction of the Probate Court, the trial of the issues in that court is governed by Section 10501-32, and the probate judge may either determine the questions of fact himself or, in his discretion, either upon his own initiative or upon request of a party, may direct that the issues of fact be tried by a jury.
This conclusion is entirely consistent with the provisions of Section 12102-9, General Code, and does not conflict with the provisions of Section 11379, General Code.
We agree with the Court of Appeals that the judgment of the Probate Court striking the demand for jury should be reversed. However, the cause should be remanded to the Probate Court with instructions to entertain the demand for a jury and to rule thereon in the exercise of the probate judge’s discretion. In so ruling he will understand that he has the right and power to grant the demand for a jury if, in his discretion, he deems it wise and proper to do so.
The judgment of the Court of Appeals is affirmed so far as it reverses the judgment of the Probate Court, *287 and the cause is remanded to the Probate Court for further proceedings in conformity with this opinion.

Judgment accordingly.

Weygandt, C. J., Taft, Hart, Zimmerman, Stewart and Lamneck, JJ., concur.