David L. ORT, Appellant–Respondent,

v.

Sabella E. (Ort) SCHAGE,
Appellee–Petitioner.

No. 20A03–9104–CV–107.

Court of Appeals of Indiana,
Third District.

Oct. 30, 1991.

Charles C. Wicks, Elkhart, for appellant-
respondent.

John J. Gaydos, Elkhart, for appellee-
petitioner.

HOFFMAN, Judge.

On November 15, 1971, the trial court dissolved the marriage of David and Sabella Ort. The dissolution decree provided Sabella with custody of the couple's only child, Julie Ann, then age 12. David received reasonable visitation rights and was ordered to pay $10.00 per week child support until further order of the court. On May 14, 1990, Sabella filed a motion for rule to show cause why David should not be held in contempt of court for non-payment of support since the date of the decree. The court held a hearing on the motion on November 7, 1990, and on January 10, 1991, the court denied the motion but entered judgment in favor of Sabella in the amount of $7,800.00.[1] David filed a praecipe for the record of proceedings on January 16, 1991, and Sabella filed a motion to correct error on February 8, 1991, which the court denied that same day. This appeal and cross-appeal ensued.

David raises the following issues for review on appeal:

(1) whether the trial court erred in extending the support order beyond Julie Ann's 21st birthday without determining, prior to that time, that Julie Ann was incapacitated; and

(2) whether the trial court erred in finding that neither laches nor equitable estoppel barred Sabella's claim for unpaid support.

■ David claims the trial court erred in extending the support order beyond Julie Ann's 21st birthday without determining, prior to that time, that Julie Ann was incapacitated. IND.CODE § 31-1-11.5-17(d) (1990 Supp.) provides in pertinent part that, absent an agreement or specific provision in the court order to the contrary, provisions for child support are terminated by the emancipation of the child. According to IND.CODE § 31-1-11.5-12(d) (1988 Ed.), a child is emancipated upon reaching the age of 21; however, if the child is incapacitated, child support continues during the incapacity or until further order of the court. IND.CODE § 31-1-11.5-12(d)(2). The undisputed evidence at the instant hearing disclosed that Julie Ann has been incapacitated since the age of 3 months. Although there was no mention in the 1971 divorce decree of any incapacity, the decree expressly provided that David was to pay $10.00 per week child support *until further order of the court.* (Emphasis supplied.) The court at no time terminated the original support order, and Julie Ann's incapacity occurred prior to her 21st birthday; therefore, a duty to support existed, and David was bound to comply with the original support order.

David also argues that the trial court's extension of the support order constitutes an improper retroactive modification. *See Cardwell v. Gwaltney* (1990), Ind.App., 556 N.E.2d 953, 954 (any modification of a support order must act prospectively). However, as previously discussed, the court neither modified nor extended the original order; it simply never terminated the order. Considering Julie Ann's incapacity, the court's decision was proper.

■ David further contends the trial court erred in finding that neither laches nor equitable estoppel barred Sabella's claim for unpaid support. A party raising the equitable defense of laches must show that the other party's delay in seeking relief was both unreasonable and prejudicial. *Pickett v. Pickett* (1984), Ind.App., 470 N.E.2d 751, 754. The defense of equitable estoppel is similar to the laches defense but contains the additional element of reliance. *Id.* at 754–755. In *Pickett,* this Court held that even if a custodial parent agrees to forego child support, an estoppel defense would not preclude the parent from asserting a claim for past due child support. *Id.* at 755. An agreement to forego child support is unenforceable because the parent has no right to contract away the child's support benefits. *Id.* Accordingly, the trial court did not err in finding that neither

---

1. The applicable statute of limitations for child support cases is 15 years from the date each installment becomes due and is unpaid. *Reffeitt v. Reffeitt* (1981), Ind.App., 419 N.E.2d 999, 1003. Based on that, the trial court calculated the arrearage from May 14, 1975 to May 14, 1990. Ten dollars per week for 15 years equals $7,800.00.

laches nor equitable estoppel barred the claim for unpaid support.

Sabella raises the following issues for review on cross-appeal:

(1) whether the trial court erred in failing to award interest on the delinquent child support payments;

(2) whether the trial court erred in failing to find David in contempt of court for his failure to pay child support; and

(3) whether the trial court erred in denying Sabella's request for attorney's fees.

■ First, Sabella claims the trial court erred in failing to award interest on the delinquent child support payments. In support of her claim, Sabella cites IND.CODE § 31–6–6.1–15.5 (1990 Supp.) which states as follows:

"(a) A court may, upon application by a person or agency entitled to receive child support payments ordered by that court, order interest charges equal to one and one-half percent (1.5%) per month to be paid on any delinquent child support payment that occurs. An application may be made by the person or agency at the time the support order is issued or modified, or whenever support payments are not made in accordance with the support order.

(b) Interest charges may be collected in the same manner as support payments."

The record shows, however, that Sabella made no request for interest either in her show cause motion or at the hearing. Furthermore, the word "may" in a statute implies a permissive condition and a grant of discretion. *Williams v. City of Indianapolis* (1990), Ind.App., 558 N.E.2d 884, 887. The trial court did not abuse its discretion in failing to award interest on the delinquent child support payments.

■ Next, Sabella argues that the trial court erred in failing to find David in contempt of court for his failure to pay child support. A parent who has failed to comply with a child support order has the burden of proving that the failure to comply was not willful or was otherwise excused. *Esteb v. Enright by State* (1990),

Ind.App., 563 N.E.2d 139, 141. David testified at the hearing that, after the divorce, Sabella told him not to make the support payments because they might jeopardize Julie Ann's SSI benefits. Due to the length of time Sabella waited to enforce the support order, the court chose to believe David's testimony and declined to find him in contempt of court.

Sabella also argues that, notwithstanding the above, the court should have found David in contempt for failing to make support payments after May 14, 1990, the date of filing of her show cause motion. However, Sabella did not raise this issue in the trial court; therefore, she may not raise it on appeal. *Fortmeyer v. Summit Bank* (1991), Ind.App., 565 N.E.2d 1118, 1120. The trial court did not err in failing to find David in contempt of court.

■ Lastly, Sabella contends the trial court erred in denying the request for attorney's fees in her show cause motion. IND.CODE § 31–1–11.5–16(a) (1988 Ed.) empowers a court to award attorney's fees and states as follows:

"The court from time to time may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under this chapter and for attorneys' fees, including sums for legal services rendered and costs incurred prior to the commencement of the proceedings or after entry of judgment. The court may order the amount to be paid directly to the attorney, who may enforce the order in his name."

Due to the statute's use of the term "may," the award of attorney's fees in divorce and contempt matters rests within the sound discretion of the trial court. *Isler v. Isler* (1981), Ind.App., 422 N.E.2d 416, 421. The instant court denied Sabella's request for attorney's fees because she failed to present any evidence in support of them. Considering that the court also found that David was not in contempt, it did not abuse its discretion in denying the request for attorney's fees.

The judgment of the trial court is affirmed.

GARRARD and SHARPNACK, JJ., concur.