Margaret M. HAZUGA (n/k/a Howe), Appellant–Petitioner,

v.

Larry R. HAZUGA, Appellee–Respondent.

No. 10A05–9406–CV–227.

Court of Appeals of Indiana, Fifth District.

March 29, 1995.

392

Dennis R. Tackett, Tackett, Taurman & Sonne, P.C., New Albany, for appellant.

## OPINION

BARTEAU, Judge.

Margaret Howe, formerly Margaret Hazuga, appeals the trial court's order modifying the amount of child support Margaret must pay, raising the following issues:

1. Whether the trial court erroneously calculated gross income;

2. Whether the trial court erroneously allowed certain adjustments in calculating child support without considering after-tax costs;

3. Whether the trial court erroneously made only part of the support modification order retroactive; and

4. Whether the trial court erroneously apportioned uninsured medical expenses.

### FACTS

Margaret and Larry Hazuga were divorced on July 21, 1989 and Larry was grant-

ed custody of their son Justin, who was eight years old at the time of the hearing on the petition for modification. The original decree ordered Margaret to pay child support of $40.00 per week and to pay one-half of the premiums to maintain health and dental insurance for Justin. That order was modified on May 15, 1991, to increase the amount of child support payments to $120.00 per week. The increase was phased in over a one year period of time. Larry was ordered to pay all ordinary medical and dental expenses of Justin's that were not covered by insurance. The order did not address whether Margaret continued to be responsible for one-half the expense of the insurance premiums. On July 6, 1992, the trial court approved an Agreed Entry whereby Margaret's child support was temporarily reduced, to return to $120.00 on August 28, 1992. The Entry also established that Margaret owed Larry $686.73 for insurance premiums through September 30, 1992.

On August 17, 1993, Margaret filed a petition to modify support. The trial court reduced Margaret's support payment to $108.00 per week, retroactive to March of 1993. Also, Larry was ordered to provide health and dental insurance for Justin without contribution from Margaret for the premiums. Uninsured medical, dental, optical and prescription expenses were ordered to be paid by both parties, Larry paying 52% and Margaret paying 48%. Additionally, the trial court found that Margaret was in arrears in support payments and in her obligation to pay one-half of medical insurance premiums in the amount of $2,300.00, which included the agreed arrearage of $686.73 set out in the Agreed Entry. Beginning in March, 1993, Margaret paid only $85.00 per week in support, although the court's order required her to pay $120.00.

## INCOME

■ As a preliminary matter, we note that Larry did not file a brief on appeal. Thus, we may, in our discretion, reverse if Margaret makes a prima facie showing of error. *Matter of Paternity of Robinaugh* (1993), Ind.App., 616 N.E.2d 409, 410, *reh'g denied.* Prima facie error is error appearing at first sight, on first appearance, or on the face of the argument. *Id.*

■ Margaret first argues that the trial court erred in not including income from the sale of property when calculating Larry's income for application of the child support guidelines. Larry sold a residential lot on contract in a development project he has. He receives $2,675.00 per year for the property. The trial court did not attribute this amount to Larry as gross income. If the court had done so, Margaret's support payment under the guidelines would be lower. The trial court did not err.

Larry presented evidence that he had expenses relating to the property that when deducted from the income resulted in a net loss. Those expenses included depreciation and capital expenditures. Ind. Child Support Guideline 3(A)(2) defines weekly gross income from operation of a business as gross receipts minus ordinary and necessary expenses. Margaret cites *Leisure v. Leisure* (1992), Ind.App., 589 N.E.2d 1163, opinion adopted in relevant part by 605 N.E.2d 755, in support of her argument that depreciation and capital expenditures should not be allowed as ordinary and necessary expenses. Her reliance on *Leisure* is misplaced. The support guidelines in effect at the time of *Leisure* specifically excluded from ordinary and necessary expenses depreciation, tax credits, or any other business expense determined by the court to be inappropriate. *Id.* at 1174. The present guidelines do not contain such an exclusion. "In general, these types of income and expenses from self-employment or operation of a business should be carefully reviewed in order that the deductions be restricted to reasonable out-of-pocket expenditures necessary for the production of income. These expenditures may include a reasonable yearly deduction for necessary capital expenditures." Child Supp.G. 3(A)(2). The trial court determined that Larry's expenses could be deducted from the property income, leaving Larry with no income from the property for purposes of the guidelines. Margaret has not shown that this was error.

## TAX BENEFIT

■ Margaret next argues that the trial court erred in allowing Larry to deduct $55.00 for health insurance premiums from his weekly income under the child support guidelines and allowing Larry to add $30.00 per week to the basic support obligation for child care expenses, when those amounts are deducted from Larry's income on a pre-tax basis. According to Larry's calculations, the effect of the pre-tax deduction from income is to give Larry a tax savings of $16.50 for the insurance premiums and $17.19 for the child care expenses. Thus, Larry's actual after-tax cost for the insurance and child care is $38.50 and $12.81, respectively. Margaret, without any citation to authority, argues that the trial court should have used the after-tax costs instead of the gross amounts of $55.00 and $30.00 in calculating child support. We do not agree.

■ Pursuant to the guidelines, child support is calculated based upon weekly gross income. A parent who pays health insurance premiums for the child may deduct the premium paid from weekly income. Further, the amount of weekly child care costs is added to the basic support obligation to reach the total support obligation to be apportioned between the parents. The evidence presented is that $55.00 per week is deducted from Larry's paycheck for health and dental insurance for Justin. Additionally, Larry pays $30.00 each week in child care expenses. That he receives a tax savings by deducting those expenses from his gross income to calculate taxable income is irrelevant to a calculation of child support. The trial court did not err.

## INSURANCE PREMIUMS

■ Again without citing to authority, Margaret argues that the trial court erred in reducing her support payments retroactive to March, 1993 without also making retroactive the order that she was no longer required to contribute to the health and dental insurance premiums. We note that the trial court erred in making the support reduction retroactive to March, 1993 because the petition to modify was not filed until August 17, 1993. *See Reeves v. Reeves* (1992), Ind.App., 584

N.E.2d 589, 594, *trans. denied* (retroactive modification erroneous if modification purports to relate back to a date earlier than that of the petition to modify). However, because Larry has not raised an objection to this retroactive modification, we will not disturb the trial court's order in that respect. But, neither can we say that the trial court should have retroactively modified to March, 1993 that part of the order terminating Margaret's obligation to pay one-half of the insurance premiums. The effective date of the modification was within the trial court's discretion as to any date after the filing of the petition to modify on August 17, 1993. The trial court did not abuse its discretion in choosing the date of judgment as the effective date for the insurance payment modification.

Margaret also argues that there was not even an order requiring her to make the insurance payments after the May 15, 1991 modification. The record does not support Margaret's position. The original order required Margaret to pay one-half of the insurance premiums. The May 15, 1991 modification did not terminate that obligation. Indeed, the parties even recognized Margaret owed $686.73 in insurance premium payments through September 30, 1992, at the time of the Agreed Entry on July 6, 1992. The trial court did not err in determining Margaret owed an arrearage of child support and insurance premiums in the amount of $2,300.00.

## UNINSURED MEDICAL EXPENSES

■ Finally, Margaret argues that the trial court erred in not requiring Larry to pay the first 6% of uninsured medical, dental, optical and prescription expenses. Margaret has made a prima facie showing of error here and we reverse the trial court's judgment with respect to the apportionment of uninsured medical expenses. The presumptive guideline amounts, which is the amount here the trial court ordered Margaret to pay, take into consideration ordinary medical expenses. Commentary, Child Supp.G. 3(E); *Truman v. Truman* (1994), Ind.App., 642 N.E.2d 230, 238. The guidelines require that where the presumptive amount has been ordered, the

custodial parent shall be responsible for yearly uninsured medical expenses up to 6% of the yearly amount of support before requiring the non-custodial parent to contribute because 6% of the presumptive guideline amount is for health care expense. Commentary, Child Supp. G. 3(E); *Truman,* 642 N.E.2d at 238.[1] The trial court erred in ordering Margaret to pay the presumptive support amount and requiring her to contribute to uninsured medical expenses without requiring Larry to pay the first 6% of the yearly support amount toward uninsured medical expenses. We reverse that portion of the trial court's order and remand with instructions to redetermine the apportionment of uninsured medical expenses consistent with this opinion.

AFFIRMED IN PART AND REVERSED IN PART.

RUCKER and FRIEDLANDER, JJ., concur.

---

1. The Fourth District in *Truman* declined to follow *Lulay v. Lulay* (1991), Ind.App., 583 N.E.2d 171, in which the First District held that the trial court had discretion under the guidelines to apportion uninsured medical expenses. The Fourth District noted that the 1993 amendments to the guidelines changed the commentary language from *suggesting* the custodial parent bear the cost of uninsured medical expenses up to 6% of the support amount to *requiring* the custodial parent to pay the 6% before requiring the non-custodial parent to contribute. We agree with the Fourth District that the guidelines now require the custodial parent to bear the cost of uninsured medical expenses up 6% of the support amount.