In re the Marriage of Judy (Gonser)
SCHROCK, Appellant–
Petitioner,

v.

William A. GONSER, Appellee–
Respondent.

No. 44A03–9409–CV–328.

Court of Appeals of Indiana.

Nov. 27, 1995.

Rehearing Denied Jan. 25, 1996.

Hugh N. Taylor, Auburn, for Appellant.

Latriealle Wheat, Wheat & Stout, Angola, LeRoy K. Schultess, LaGrange, for Appellee.

## OPINION

HOFFMAN, Judge.

Appellant-petitioner Judy (Gonser) Schrock appeals the trial court's judgment in favor of the appellee-respondent William Gonser. The facts relevant to the appeal are recited below.

The parties were granted a dissolution of marriage in August 1980. In January 1982, William was ordered to pay $137.00 per week directly to Judy for the support of the parties' five minor children. No other proceedings transpired until Judy filed a verified petition for a rule to show cause in June 1993.

A hearing was held on the petition in February 1994. William testified that he had unilaterally reduced child support payments, as he determined that certain children were emancipated. William stated that he did not seek a court order modifying or reducing his support payments.

On May 17, 1994, the trial court entered findings of fact and conclusions of law finding that equity prevented enforcement of the child support order. William was not held in contempt, and the court did not order a judgment for the arrearage. A letter written by Judy to the court was treated as a motion to reconsider, and another hearing was held.

No judgment was entered after the hearing. This appeal ensued.

As restated, Judy raises one issue for review: whether the trial court erred in failing to enter a judgment for Judy and fixing an arrearage amount.

■ When a parent is ordered to pay a specified sum of undivided support for more than one child, the parent must pay that amount until the support payments are modified by court order or all of the children are emancipated or reach the age of 21 years. *Kirchoff v. Kirchoff* (1993), Ind.App., 619 N.E.2d 592, 596. The Court noted:

"Although modification due to emancipation can be effective as of the date of emancipation ..., if one or more unemancipated children are also covered by the support order, the obligated parent's duty to support the remaining minor children according to the terms of the original support order continues, even after emancipation of one or more of the children, until the parent's duty to support the minor children is modified by the trial court.... Therefore, as long as there remains one unemancipated minor child, the parent is required to make support payments in the manner, amount, and at the times required by the original child support order.... If a parent desires a reduction of the undivided support order as children become emancipated, the parent must petition the trial court to modify its original order."

*Id.* (Citations omitted.).

■ Further, even if a custodial parent agrees to forego child support, an estoppel or laches defense would not preclude the parent from asserting a claim for past due child support. *Ort v. Schage* (1991), Ind.App., 580 N.E.2d 335, 336. An agreement to forego child support is unenforceable because the parent has no right to contract away the child's support benefits. *Id.*

■ Here, the trial court and William rely entirely upon Judy's failure to complain about the unilateral reduction in child support amounts to find that she has "unclean hands." Given that the equitable doctrines of laches and estoppel do not control child support arrearage determinations, the cause is reversed and remanded. On remand, the trial court is instructed to fix the child support arrearage in accordance with the evidence adduced at the hearing held in February 1994.

Reversed and remanded.

GARRARD, J., concurs.

BAKER, J., dissents with opinion.

BAKER, Judge, dissenting.
The law is not an end in itself, nor does it provide ends. It is preeminently a means to serve what we think is right.
    –Justice William J. Brennan, Jr.
Pursuant to this theme, I respectfully dissent.

As the majority correctly notes, the original child support order required William to pay Judy $137.00 per week for the support of the parties' five children. Because this order was in gross, William was required to pay that amount until all of the children were emancipated, or until he sought a modification of the original order from the court. *Kirchoff v. Kirchoff* (1993), Ind.App., 619 N.E.2d 592, 596. This court has recognized some circumstances, however, under which an in gross order can be modified without a court order, such as when: (1) a parent makes non-conforming payments to the custodial parent, (2) the parties agree to and carry out an alternative method of payment which substantially complies with the spirit of the original decree, or (3) the obligated parent takes the children into his home, assumes custody for them, and provides them with necessities for such an extended period of time that a permanent change in custody has in effect occurred. *In re Marriage of Baker* (1990), Ind.App., 550 N.E.2d 82, 87.

Here, Judge Petersen found that the parties had tacitly agreed to a modification of the original child support order when each child left the home upon his or her emancipation. Record at 46, 56. Additionally, based upon principles of equity, Judge Petersen determined that no child support arrearage was owed because of Judy's prolonged acquiescence to the reduced support payments and her failure to seek an order enforcing

the original child support decree. R. at 55. Because I agree with Judge Petersen that no child support arrearage is owed, I am compelled to dissent.

Historically in England, the ecclesiastical courts had the sole jurisdiction to grant a divorce. *Evans v. Evans* (1886), 105 Ind. 204, 209–10, 5 N.E. 24, 27. However, in Indiana, divorces were originally granted by legislative enactments, which prescribed the various causes for divorce. The legislature, however, had difficulty determining questions of alimony. Thus, prior to the adoption of the Indiana Constitution in 1851, divorce proceedings were regarded as belonging to the equity courts, who had authority to determine child custody decisions as well as settle all property rights between parties. *Id.* As a result, while divorces were considered "civil actions," they were not included in the term "civil cases" as found in the Bill of Rights of our Constitution. *Id.* This practice has changed over the last several decades, however, and divorce law is now primarily statutory.

Despite this change, divorce and child custody statutes still contain many equitable attributes. For example, although the statute grants the court the power to modify a child support decree, IND.CODE § 31–1–11.5–17, the date at which such a modification is effective is within the trial court's sound discretion. *Hazuga v. Hazuga* (1995), Ind., 648 N.E.2d 391, 394. The trial court also has significant discretion to determine the amount of child support to be granted, although the legislature has indicated certain factors to be considered in making this determination. IND.CODE § 31–1–11.5–12; *Coster v. Coster* (1983), Ind.App., 452 N.E.2d 397, 402. Similarly, the trial court has significant discretion to determine the amount of child support to be awarded after a party seeks a modification, *Howard v. Reeck* (1982), Ind.App., 439 N.E.2d 727, even though the statute prescribes the circumstances under which such a modification may be sought. I.C. § 31–1–11.5–17. Thus, equitable principles must be considered when applying the various statutory provisions regarding child support modification.

Having determined that equitable principles are still applicable to divorce and child custody proceedings, I believe that one equitable doctrine in particular is applicable to the present action, specifically, the doctrine of estoppel. The doctrine of estoppel springs from equitable principles, and it is designed to aid in the administration of justice where, without its aid, injustice might result. *Levin v. Levin* (1994), Ind., 645 N.E.2d 601, 604. Use of this doctrine is not limited to circumstances involving an actual or false representation or concealment of an existing material fact. *Id.* Rather, equitable estoppel is a remedy available if one party through his course of conduct knowingly misleads or induces another party to believe and act upon his conduct in good faith without knowledge of the facts. *Id.* Under this doctrine, a party is precluded from asserting rights which otherwise might exist because of a change in position by an innocent party. *Egnatz v. Medical Protective Co.* (1991), Ind. App., 581 N.E.2d 438, 441.

In the instant case, the record reveals that William paid $137.00 per week in child support from January 1982, when the trial court entered its original decree, to June 1, 1982. On that date, when his oldest child graduated from high school and turned eighteen years old, William reduced his support payment to $110.00 per week. Thereafter, as each child graduated from high school and reached the age of eighteen years, William further reduced his support payments. In 1984, he reduced the payment to $87.50, in 1986 to $55.00, and in 1991 to $27.50, which he was still paying at the time of the hearing. Further, during the time one child resided with her grandparents, William immediately transferred his support payments to the grandparents. As a result, at the time Judy instituted this action for past support, William had paid $81,241.00 in child support over a period of 11 years and 21 weeks. At no time during this period did William seek a court order modifying his child support obligation, nor did Judy seek an order enforcing the child support obligation as it was originally entered until the current action, whereupon she requested $51,591.50. It is upon these facts, as well as his obligation to determine the credibility of the witnesses who

testified, that Judge Petersen found that the parties had agreed to a modification of the original child support order. R. at 56. To hold otherwise would ignore Judy's extended period of acquiescence which induced William to believe he was in compliance with the child support order, and allow Judy to benefit from her failure to inform William he was not in compliance or to seek an order forcing William to comply with the original child support decree. Equity would not allow such a result.

Moreover, Judge Petersen's decision is consistent with longstanding Indiana policy and practice, which encourages private ordering among parties rather than continuous assistance from the courts. For example, our divorce statutes encourage parties to seek counseling to work out their differences, and in the event that they cannot, to come to private agreements regarding spousal maintenance and the disposition of marital property. IND.CODE §§ 31-1-11.5-9, 31-1-11.5-10; *Voigt v. Voigt* (1994), Ind.App., 645 N.E.2d 627, 628-29 (parties are free to make continuing financial arrangements in the spirit of amicability and conciliation). When parties come to such agreements regarding the division of marital property, our courts are required to accept the property division unless they determine the agreement was the product of some unfairness, unreasonableness or manifest inequity in its terms, or that it was procured through fraud, misrepresentation, coercion duress or lack of full disclosure. *Atkins v. Atkins* (1989), Ind.App., 534 N.E.2d 760, 762, *trans. denied.* Similarly, we have not interfered with parties' agreements to follow alternative methods of child support payment, provided the agreements substantially comply with the spirit of the original support decree. *Payson v. Payson* (1982), Ind.App., 442 N.E.2d 1123, 1129.[1]

Here, William and Judy acted pursuant to this legislative scheme by coming to an agreement regarding the amount of support owed without the need for judicial interference. For example, it was unnecessary for Judy to seek a court order forcing William to

pay support to the grandparents when one child resided with them; rather, in the spirit of private ordering, William made the adjustment on his own. Similarly, without need of court supervision, William continued to pay child support directly to his former wife for over eleven years. Thus, Judy's request for the court to intervene at this time and enforce a child support order which she and William privately modified must be denied.

I would affirm the decision of the trial court.

---

1. I recognize that this court has held private agreements to forego or modify child support orders unenforceable. *Ort v. Schage* (1991), Ind. App., 580 N.E.2d 335, 336. However, this court

has recognized and enforced agreements to modify child support in the context of in gross child support orders, such as the order in the instant case. *Baker,* 550 N.E.2d at 87.