

FILED

Apr 29 2026, 8:52 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



IN THE

# Court of Appeals of Indiana

Dewayne D. Fellure,

*Appellant*

v.

Sara Metcalf,

*Appellee*

---

April 29, 2026

Court of Appeals Case No.
25A-DR-2929

Appeal from the Tippecanoe Superior Court

The Honorable Steven P. Meyer, Judge

Trial Court Cause No.
79D02-0509-DR-235

---

**Opinion by Chief Judge Tavitas**
Judges Weissmann and Foley concur.

**Tavitas, Chief Judge.**

## Case Summary

Dewayne Fellure ("Father") appeals the trial court's order regarding child support of his disabled adult daughter. Father argues that his obligation to pay child support ended because a petition to continue child support was not filed before the daughter turned nineteen years old. We conclude that the trial court's child support order is not clearly erroneous. Accordingly, we affirm.

## Issue

Father raises one issue, which we restate as whether the trial court's order that Father continue to pay child support for a disabled child over the age of nineteen is clearly erroneous.

## Facts

Father and Sara Metcalf ("Mother") were married and had three children: J.F. and N.F., born in April 2003; and B.F., born in November 2004. N.F. has severe cerebral palsy and is unable to care for herself. Father's and Mother's marriage was dissolved in 2006.

In September 2020, the trial court approved an Agreed Order that provided Mother with primary physical custody of J.F. and N.F., provided Father with primary physical custody of B.F., and ordered Father to pay $150 per week in

child support.[1] When the youngest child, B.F., turned nineteen years old, however, the Tippecanoe County Clerk's Office closed the child support case, and the withholding of child support from Father's wages pursuant to the wage withholding order ceased. Father last paid child support in December 2023.

[5] On April 3, 2025, Mother filed a petition to determine ongoing child support due to N.F.'s incapacity. At a hearing on the petition, Mother testified that N.F. is unable to care for herself due to severe cerebral palsy, and Mother sustains expenses for N.F.'s care that are not covered by insurance. Father testified that he had not seen N.F. in "a year or two." Tr. Vol. II p. 39. Father believes that N.F. "should be placed at a facility," but Mother wanted N.F. to remain at home. *Id.* at 40.

[6] On October 28, 2025, the trial court entered an order granting Mother's petition. The trial court found:

> [N.F.] is not emancipated due to her incapacity and that Father's child support obligation extended beyond the child's 19th birthday. This is so regardless of whether the prior support order failed to find the child to be incapacitated and regardless of the fact Mother did not petition for a finding of incapacity before the child's 19th birthday.

Appellant's App. Vol. II p. 22. Further, the trial court found:

---

[1] In September 2022, Mother was appointed as N.F.'s guardian in a separate guardianship matter.

Regarding the matter of back support, the prior Agreed Order entered on September 16, 2020 provided for a specified sum of undivided support for several children (referred to as an "order in gross"). This obligation continues until modified or all the children are emancipated. *Whited v. Whited*, 859 N.E.2d 657, 659-661 (Ind. 2007). Since [N.F.] was never emancipated due to her incapacity as discussed above, Father's in gross child support obligation never terminated and he has incurred a child support arrearage in the amount of $13,396.80 as of Friday, October 10, 2025.

Accordingly, the court finds that Father has a child support arrearage of $13,396.80 as of Friday October 10, 2025 and a continuing child support obligation of $150.00 per week due each Friday thereafter.

*Id.* at 23. Mother filed a motion to correct error, which the trial court denied. Father now appeals.

## Discussion and Decision

[7] Father challenges the trial court's child support order. "[A] trial court's calculation of child support is presumptively valid." *Bogner v. Bogner*, 29 N.E.3d 733, 738 (Ind. 2015) (quoting *Young v. Young,* 891 N.E.2d 1045, 1047 (Ind. 2008)). We consider "only evidence and reasonable inferences favorable to the judgment," and we reverse only if the determination is "clearly erroneous." *Id.* Clear error is error that "leaves us with a definite and firm conviction that a mistake has been made." *Masters v. Masters*, 43 N.E.3d 570, 575 (Ind. 2015).

Father argues that N.F.'s child support terminated when she turned nineteen and that Mother cannot establish "new" child support after N.F.'s emancipation. We, however, disagree with Father's arguments.

We first note that Indiana Code Section 31-16-6-6(a) provides:

> The duty to support a child under this chapter, which does not include support for educational needs, ceases when the child becomes nineteen (19) years of age unless any of the following conditions occurs:
>
> * * * * *
>
> (2) The child is incapacitated. In this case the child support continues during the incapacity or until further order of the court.
>
> * * * *

This Court has held that "no emancipation occurs where a child is so physically or mentally disabled that [he or] she cannot provide for [himself or] herself." *Dennison v. Dennison*, 696 N.E.2d 88, 91 (Ind. Ct. App. 1998). Accordingly, an obligation to pay child support does not cease when the child becomes nineteen years old if the child is incapacitated. It is undisputed here that N.F. is incapacitated and has been incapacitated since infancy.

Further, our Supreme Court has held that "a parent subject to a support order must make payments in accordance with that order until the court modifies and/or sets aside the order." *Whited v. Whited*, 859 N.E.2d 657, 661 (Ind.

2007).  Subject to "two narrow exceptions"[2] not applicable here, "court orders for child support remain effective until a court changes them."  *Id.* at 662.  Accordingly, Father's child support obligation, which was established in September 2020, remained effective until a court modified it or set aside the order.  This is not a "new establishment of child support after the age of emancipation" as Father argues; rather, this is a continuation of child support ordered in 2020.  Appellant's Br. p. 13.

[11]     As for Father's claim that N.F's incapacity had to be established before her nineteenth birthday, we addressed a similar argument in *Ort v. Schage*, 580 N.E.2d 335 (Ind. Ct. App. 1991).  There, the father argued that "the trial court erred in extending the support order beyond [the child's] 21st birthday without determining, prior to that time, that [the child] was incapacitated."  *Ort*, 580 N.E.2d at 336.  At that time the statutory provision provided that a child was "emancipated upon reaching the age of 21; however, if the child is incapacitated, child support continues during the incapacity or until further order of the court."  *Id.*  This Court held:

> The undisputed evidence at the instant hearing disclosed that [the child] has been incapacitated since the age of 3 months.  Although there was no mention in the 1971 divorce decree of any incapacity, the decree expressly provided that [the father] was to pay $10.00 per week child support until further order of the court.

---

[2] "Retroactive modification is permitted when: (1) the parties have agreed to and carried out an alternative method of payment which substantially complies with the spirit of the decree, or (2) the obligated parent takes the child into his or her home, assumes custody, provides necessities, and exercises parental control for such a period of time that a permanent change of custody is exercised."  *Whited*, 859 N.E.2d at 662.

> The court at no time terminated the original support order, and [the child's] incapacity occurred prior to her 21st birthday; therefore, a duty to support existed, and [the father] was bound to comply with the original support order."

*Id.*[3] Similarly, here, N.F.'s incapacity occurred in infancy. N.F.'s incapacity was not mentioned in the 2020 child support order, but the order's silence regarding N.F.'s incapacity did not extinguish Father's obligation.

[12] Pursuant to Indiana Code Section 31-16-6-6(a)(2), "the child support continues during the incapacity or until further order of the court." The plain language of the statute indicates that child support does not cease if the child is incapacitated. In 2020, Father was court ordered to pay $150 per week in child support, and Father did not obtain a court order relieving him of that obligation. If Father wanted to litigate whether N.F. was incapacitated, he could have filed a petition to terminate support. The fact that the clerk's office closed the case administratively did not discharge Father's child support obligation. By statute, Father was required to pay child support, and that duty did not cease automatically; rather, the duty continues until Father files a petition to terminate child support, which he did not do. Under these

---

[3] As noted, a prior version of Indiana Code Section 31-16-6-6 provided that child support ceased when the child became twenty-one years of age. The statute was amended effective July 1, 2012, to provide that child support ceases when the child becomes nineteen years of age.

circumstances, we conclude that the trial court's child support order is not clearly erroneous.[4]

## Conclusion

[13] The trial court did not clearly err when it ordered Father to pay child support. Accordingly, we affirm.

[14] Affirmed.

Weissmann, J., and Foley, J., concur.

ATTORNEY FOR APPELLANT

Cynthia Phillips Smith
Law Office of Cynthia P. Smith
Lafayette, Indiana

APPELLEE PRO SE

Sara Metcalf
Frankfort, Indiana

---

[4] Mother also filed a pro se "Notice of Cross-Appeal" after Father filed his notice of appeal. Mother, however, does not raise any cross-appeal issues in her Appellee's Brief. *See* Ind. Appellate Rule 46(D). Accordingly, any issues mentioned in Mother's notice of cross-appeal are waived.