# FOR PUBLICATION



FILED
Dec 28 2012, 9:46 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**AMY O. CARSON**
Mitchell & Associates
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**ANDREW Z. SOSHNICK**
**TERESA A. GRIFFIN**
**STEPHANIE N. RUSSO**
Faegre Baker Daniels LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JOEL ZIVOT, | ) | |
| | ) | |
| Appellant-Respondent, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1207-DR-613 |
| | ) | |
| PAMELA LONDON, | ) | |
| | ) | |
| Appellee-Petitioner. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Thomas J. Carroll, Judge
Cause No. 49D06-1109-DR-3679

**December 28, 2012**

**OPINION - FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

Joel Zivot ("Father") appeals the Order and Judgment on Verified Petition for Contempt ("Order") entered by the trial court following a hearing on the Verified Petition for Contempt Citation filed by Pamela London ("Mother"). Father presents three issues for review, which we consolidate and restate as:

1.    Whether the trial court erred when it entered the Order enforcing the parties' Separation Agreement.

2.    Whether the trial court erred when it denied Father's verified petition to establish custody, parenting time, and child support.

We reverse.

## FACTS AND PROCEDURAL HISTORY

Mother and Father were married on April 5, 1992, in Toronto, Ontario, Canada. During the marriage they had four children: Sa.Z., born August 25, 1992; O.Z., born July 2, 1994; and So.Z., and T.Z., born August 2, 1996. When the parties eventually separated, they entered into a Separation Agreement, which Father executed on January 10, 2006, and Mother executed on May 3, 2006. The Separation Agreement provided for the division of marital property and debts, for child support, and for parenting time under an attached Shared Parenting Plan executed by the parties on January 10, 2006. On November 21, 2006, the Superior Court of Justice in Ontario dissolved the parties' marriage effective December 22, 2006.

On February 25, 2011, the parties executed a handwritten Minutes of Settlement that purported to modify the Separation Agreement on issues relating to child support and parenting time. At that time, Mother lived in Canada. Mother and Father abided by the

2

terms of the Minutes of Settlement, with Father paying child support in the amount agreed upon in that document.

In July 2011, Mother and the children relocated from Canada to Indiana. Also in July 2011, Father unilaterally began paying child support in an amount set by the Indiana Child Support Guidelines, which is substantially lower than the amount he had been paying pursuant to the Minutes of Settlement or the Separation Agreement. On September 21, 2011, Mother filed in the Marion Superior Court her Verified Petition to Register and File Foreign Orders, including as exhibits the Certificate of Divorce, the Settlement Agreement and attached Shared Parenting Plan, and the handwritten Minutes of Settlement. Simultaneously Mother filed a verified motion for contempt citation, asking the trial court in part to find Father in contempt for failing to pay child support and educational expenses as agreed under the Settlement Agreement and the Minutes of Settlement.[1]

On October 6, the trial court entered its Order Registering Foreign Orders. That order provides in relevant part: "[T]he Court, being duly advised and for good cause shown, now registers the foreign orders and assumes jurisdiction of this action." Appellant's App. at 144. On May 10, 2012, the trial court held a hearing on Mother's petition for contempt citation. And on May 18, the court entered the Order and Judgment on Verified Petition for Contempt. The Order provides in relevant part:

2. The marriage of the parties was dissolved in Canada on November 21, 2006[,] and the divorce took effect on December 22, 2006[,] per the order of the Canadian court.

---

[1] Specifically, Mother requested that the trial court find Father in contempt of the "Ontario Order," which she defined as the Certificate of Divorce, the Separation Agreement, and the Shared Parenting Plan collectively.

3. The parties had previously entered into a detailed "Separation Agreement" which was negotiated in the state of Ohio in 2005 and executed by both parties in 2006 prior to the order dissolving their marriage.

4. The parties with counsel subsequently entered into a handwritten agreement titled "Minutes of Settlement" which was executed by the parties on February 25, 2011[,] and modified the terms of the prior Separation Agreement.

5. There is no evidence in the record that the Minutes of Settlement was filed with the Canadian court that dissolved the marriage of the parties or that it was specifically approved and ordered by that court or any court.

6. On or about July 1, 2011, [Mother] and the children moved from Canada to Indiana.

7. [Father] resides in the state of Georgia.

8. On September 21, 2011, [Mother] filed a Verified Petition to Register and File Foreign Orders which was granted by this Court on October 6, 2011.

9. On September 21, 2011, [Mother] also filed her Verified Petition for Contempt Citation requesting that [Father] be found in contempt for failing to abide by the Certificate of Divorce, Separation Agreement, and Minutes of Settlement.

10. Although it is not specified in the Certificate of Divorce, it appears that the Separation Agreement was incorporated into the Divorce and [it is] therefore enforceable through a contempt petition.

11. As indicated in paragraph 5 above, there is no evidence that the Minutes of Settlement have ever been approved and ordered by a court.

12. Therefore the Minutes of Settlement are not enforceable through a contempt petition.

13. However, the Minutes of Settlement are enforceable as a contract between the parties as both parties willingly entered into the agreement with counsel; both parties believes [sic] that the agreement was valid and set out their obligations on child support and related issues; and both parties have complied with certain provisions of the Minutes of Settlement since its execution including payment of 2010-2011 college expenses for their son [Sa.Z.] and lump sum payment of spousal support.

14. [Mother] alleges that [Father] is in contempt of Court for failure to pay the full amount of child support; failure to pay certain other expenses of the children; and failure to pay his full portion of college expenses for the 2011-2012 years.

15. The Separation Agreement provided that [Father] would initially pay $4,983.33 per month in child support with that amount reduced in relation to the number of children residing with [Mother].

16. The Minutes of Settlement provided that [Father] would pay $6,144.00 per month child support for four children and $5,189.00 when [Sa.Z.] is at school.

17. The Minutes of Settlement further provided that child support will not be reviewed prior to September 2012 at which time it would be reviewed with mediator/arbitrator Cheryl Goldhart.

18. The last provision of the Minutes of Settlement provided that in the future [Father] would pay table[2] child support.

19. [Father] paid $6,144.00 child support in May 2011; $6,000.00 in June 2011; and beginning July 2011 paid significantly less per month.

20. The amounts paid by [Father] between July 2011 and May 2012 were based upon his calculation of child support under the Indiana Child Support Guidelines including adjustment for children not residing at home.

21. [Father] has never filed a petition to modify child support.

22. The amounts paid by [Father] are less than ordered in the Separation Agreement and less than the amounts specified in the Minutes of Settlement which specifically provided that there would be no adjustment in child support prior to September 2012.

23. The Court finds that [Father] has not paid child support as agreed or ordered and owes [Mother] the sum of $27,522.00

24. The Court enters judgment in favor of [Mother] and against [Father] in the amount of $27,522.00.

25. The Court orders this judgment paid within thirty days or it shall accumulate statutory interest.

26. [Mother] also alleges that [Father] has failed to pay his share of certain expenses referenced in Section 7 of the Separation Agreement and Paragraph 5 of the Minutes of Settlement.

27. Both documents only reference certain school, camp, bar/bat mitzvah and health care expenses.

28. The Minutes of Settlement provided that each party would pay their [sic] share of expenses directly to the provider.

29. [Mother] admits that she has not provided copies of the unpaid expenses to [Father] prior to the hearing in this matter.

30. The Court also finds that there are certain expenses—passports; driving test; book rental; music program; IU psych class; College apps; Depaul; Textbooks; AP exam—which are not specified in either document as expenses the parties will share.

---

[2] Neither the parties nor anything in the record define "table child support."

31. The Court finds that [Father] is not in violation of any agreement to pay certain expenses based upon the findings in Paragraphs 27-30 above.

32. Finally [Mother] alleges that [Father] has failed to pay his share of [Sa.Z.'s] college expenses in the amount of $6,924.69.

33. The Separation Agreement is silent as to the payment of college expenses.

34. The Minutes of Settlement states that the parties will pay their [sic] proportionate share (75% [Father] and 25% [Mother]) of university expenses "not to exceed $20,000.00 per year per child. The children will be expected to contribute to their university expenses . . . to the extent reasonably possible and practical."

35. The Minutes of Settlement do not define "university expenses["]; do not provide a timeline for payment; and do not indicate how the child's contribution shall affect the parents' contribution.

36. This Court defines college/university expenses for which a parent may be obligated to contribute to as tuition; room and board; books; laptop computer; and required fees.

37. No evidence was presented of the actual college/university expenses for [Sa.Z.] for the 2011-2012 year.

38. The Court finds that although the Minutes of Settlement is poorly drafted that the parties anticipated that [Father] would contribute up to a maximum of $15,000.00 per year for [Sa.Z.'s] college expenses and that [Sa.Z.'s] contribution would reduce the parties' share.

39. The Court is unable to find that [Father] violated the Minutes of Settlement in the absence of actual costs (as defined in Paragraph 36 above) incurred and the application of [Sa.Z.'s] loan to said costs.

40. The Court orders [Mother] to provide documentation to [Father] within thirty days of the actual costs of the 2011-2012 school year after application of [Sa.Z.'s] loan.

41. The Court orders [Father] to pay within thirty days any amount due for his 75% share over and above the amount he has paid after receiving documentation.

42. [Father] shall pay three thousand five hundred dollars ($3,500.00) to Andrew Soshnick for attorney fees related to his non-payment of child support within forty-five days or the same shall be reduced to judgment.

Id. at 6-11.

On June 13, 2012, Father filed a motion to correct error and motion for clarification, in part challenging the trial court's conclusion that the Separation

6

Agreement was a court order as well as the court's authority to determine child support and a child support arrearage. The following day Father filed a motion for stay of execution of judgment and a verified petition to establish custody, parenting time, and child support and a request for allocation of post-secondary expenses. Mother filed a response to Father's motion to correct error and for clarification and to his motion for stay of execution of judgment. Father then filed a response to Mother's response as well as a motion to strike. On July 10, Father filed a verified petition to modify custody, parenting time, and child support and for allocation of post-secondary expenses. And on July 26, he filed a verified petition to register and file foreign orders, attaching as exhibits a one-page copy of the Divorce Order signed October 31, 2007, in Ontario, Canada, and a two-page copy of an Order on Motion Without Notice issued June 22, 2010, in Ontario, Canada.

On July 3, the trial court issued its order denying Father's motion to correct error, motion for clarification, motion for stay of execution, and petition to establish custody without a hearing. In a separate order, the trial court also denied Father's motion to strike. Father filed his notice of appeal on July 31.

## DISCUSSION AND DECISION

### Standard of Review

In ruling on the Mother's petition, the court entered findings of fact and conclusions sua sponte. Our standard of review in such cases is well-settled:

> Therefore, we apply a two-tiered standard of review. Vega v. Allen County Dep't of Family & Children (In re J.V.), 875 N.E.2d 395, 402 (Ind. Ct. App. 2007)[, trans. denied]. We may not set aside the findings or judgment unless they are clearly erroneous. Ind. Trial R. 52(A); Perrine v. Marion

County Office of Child Servs., 866 N.E.2d 269, 273 (Ind. Ct. App. 2007). In our review, we first consider whether the evidence supports the factual findings. Perrine, 866 N.E.2d at 273. Second, we consider whether the findings support the judgment. Id. "Findings are clearly erroneous only when the record contains no facts to support them either directly or by inference." Id.; Quillen v. Quillen, 671 N.E.2d 98, 102 (Ind. 1996). A judgment is clearly erroneous if it relies on an incorrect legal standard. Perrine, 866 N.E.2d at 273. We give due regard to the trial court's ability to assess the credibility of witnesses. T.R. 52(A). While we defer substantially to findings of fact, we do not do so to conclusions of law. Perrine, 866 N.E.2d at 274. We do not reweigh the evidence; rather we consider the evidence most favorable to the judgment with all reasonable inferences drawn in favor of the judgment. Id.

Richardson v. Hansrote, 883 N.E.2d 1165, 1171 (Ind. Ct. App. 2008).

Father contends that the trial court erred when it entered its order on Mother's verified petition for contempt. In particular, Father maintains that the trial court found him in contempt but did not have an enforceable court order on which to base a contempt order. He also argues that the Minutes of Settlement was not an order on which contempt could be based and that the trial court erred when it interpreted the Minutes of Settlement and based the enforcement order on that document. As explained below, we reject Father's conclusion that the trial court found him in contempt. But we agree that the trial court did not have before it a foreign support order subject to enforcement, nor could the trial court enforce child support based on written agreements between the parties where there is no evidence that such agreements had been approved by a court or incorporated into a court order. As such, we conclude that the trial court was without jurisdiction to enter an order on Mother's verified petition for contempt.

8

**Issue One: Contempt Based on Registered Foreign Order**

Father first contends that the trial court erred when it found him in contempt of the Order. Regardless of the reasons behind Father's contention, we cannot agree that the trial court found Father in contempt. The court made no finding of contempt. At most the Order notes that Father failed to provide child support as he had agreed in the Settlement Agreement and the Minutes of Settlement, but it does not include a finding that he is in contempt. Nevertheless, the trial court entered an order enforcing Father's child support obligation. Thus, we are left to consider whether the trial court erred when it entered the Order to enforce Father's child support obligations.

Mother filed her verified petition to register and file foreign orders under Indiana Code Section 31-17-3-3, part of the Uniform Child Custody Jurisdiction Law ("UCCJL"). But the UCCJL was repealed in 2007. And, in any event, the jurisdictional provision in the UCCJL, now the Uniform Child Custody Jurisdiction Act, Ind. Code §§ 31-21-1-1 through 31-21-7-3 ("the UCCJA"), addresses only the trial court's authority regarding child custody determinations, not child support orders. Ind. Code § 31-17-3-3 (repealed 2007); Goens v. Rose (In re M.R.), 778 N.E.2d 861, 865-66 (2002), aff'd on reh'g, 784 N.E.2d 530 (Ind. Ct. App. 2003). And the UCCJA specifically excludes from its definition of a "child custody determination" an order relating to child support or other monetary obligation of a person. Tisdale v. Bolick, No. 49A02-1202-DR-138, 2012 Ind. App. LEXIS 550 (Ind. Ct. App. October 2, 2012), ordered published, 2012 Ind. App. LEXIS 544 (Ind. Ct. App. Oct. 26, 2012). Mother's attempt to enforce a foreign child support order falls under the Uniform Interstate Family Support Act, Ind. Code §§ 31-18-

1-1 through 31-18-9-4 ("UIFSA"). Therefore, we consider each of Father's contentions under that act.

The Uniform Interstate Family Support Act provides a mechanism for cooperation between state courts in enforcing duties of support. Harris v. Harris, 922 N.E.2d 626, 637 (Ind. Ct. App. 2010). "An Indiana tribunal may enforce a child support order of another state registered for purposes of modification in the same manner as if the order had been issued by an Indiana tribunal. . . ." Ind. Code § 31-18-6-10. "State" is defined under the act to include "a foreign jurisdiction that [has] enacted a law or established procedures for issuing and enforcing orders that are substantially similar to the procedures under [UIFSA or its predecessor acts]." Ind. Code § 31-18-1-21. A "support" order means "a judgment, a decree, or an order . . . for the benefit of a child, . . . which provides for monetary support, health care, arrearages, or reimbursement, and may include related costs and fees, interest, income withholding, attorney's fees, and other relief." Ind. Code § 31-18-1-24. "A support order . . . is registered when the order is filed with the clerk of the appropriate court."[3] Ind. Code § 31-18-6-3(a).

### Certificate of Divorce and Settlement Agreement

Here, again, Mother submitted for registration a Certificate of Divorce with two exhibits: the parties' 2006 Separation Agreement with its attachment, the Shared Parenting Plan [and] Schedule, and the handwritten 2011 Minutes of Settlement. The Separation Agreement set out Father's child support obligation, and the Minutes of Settlement purports to modify the Separation Agreement regarding child support. The

---

[3] UIFSA lists specific requirements for registering support orders in Indiana but, as discussed below, resolution of the issues before us does not require us to detail them.

trial court found that, "[a]lthough it is not specified in the Certificate of Divorce, it appears that the Separation Agreement was incorporated into the Divorce and therefore enforceable through a contempt petition." Appellant's App. at 7. Thus, implicit in the trial court's order is its determination that the Certificate of Divorce constitutes a child support order from another state. Again, under UIFSA the court has jurisdiction over child support matters only if it has before it a registered order from another state. Ind. Code § 31-18-6-10.

But a review of the face of the Certificate of Divorce shows that that document is not a judgment, decree, or order. The Certificate of Divorce merely shows the identities of the parties to the dissolution action, that the parties' marriage was dissolved, and the effective date of the dissolution of their marriage.[4] It was not signed by a judge, magistrate, or other official with authority to preside over dissolution proceedings. Rather, it was signed only by the clerk of the court in Ontario and is dated eleven months after the parties' marriage was dissolved and ten months after the dissolution of marriage became effective. From the face of the document, we cannot conclude that the Certificate of Divorce is a judgment, decree, or order of a court. Thus, the trial court erred when it registered the Certificate of Divorce as an order from another state.

Without a registered order from another state, the trial court lacked jurisdiction to enter an order enforcing child support obligations against Father based on the Certificate of Divorce or the Settlement Agreement, which the trial court found to be incorporated

---

[4] There is nothing in the record on appeal to show how legal proceedings in Canada are handled, such as the type of officials who preside over dissolution proceedings. But the burden was on Mother to demonstrate that she had submitted an order for registration. As discussed above, the record does not show that she met that burden.

11

into the Certificate of Divorce.[5]  As such, to the extent the trial court based the Order on the Certificate of Divorce or the Settlement Agreement as "incorporated" into the Certificate of Divorce, the trial court lacked jurisdiction and, therefore, it erred.

### Minutes of Settlement

Father also contends that the trial court erred when it entered the Order enforcing his child support obligation and ordering him to pay attorney's fees pursuant to the Minutes of Settlement.  And Father argues that the trial court misinterpreted the terms of the Minutes of Settlement.  We need not reach that issue because we conclude that the trial court erred when it enforced Father's child support obligation under Indiana contract law pursuant to the Minutes of Settlement.

In Indiana, a party is required to make support payments in the manner specified in a divorce decree until the order is modified or set aside.  Pickett v. Pickett, 470 N.E.2d 751, 754 (Ind. Ct. App. 1984) (citation omitted).  The trial court that entered the original dissolution decree and support order retains continuing jurisdiction during the child's minority to modify custody and support matters in the decree.  Id. (citations omitted).  Therefore, an out-of-court agreement regarding support and visitation is not enforceable unless it is first approved by the trial court with jurisdiction or merged into an order of that court.  See id. (citations omitted).

Here, the trial court found in relevant part:

the Minutes of Settlement are enforceable as a contract between the parties
as both parties willingly entered into the agreement with counsel; both

---

[5] We also conclude that the evidence does not support the trial court's conclusion that it "appears that the Separation Agreement was incorporated into the Divorce[.]"  Appellant's App. at 7.  Again, the Certificate of Divorce is not a judgment, order, or decree.  And there is nothing on the face of either the Certificate of Divorce or the Settlement Agreement referencing the other.

12

parties believes [sic] that the agreement was valid and set out their obligations on child support and related issues; and both parties have complied with certain provisions of the Minutes of Settlement since its execution including payment of 2010-2011 college expenses for their son [Sa.Z.] and lump sum payment of spousal support.

Appellant's App. at 7-8. In other words, the trial court found that it could enforce the parties' written contract regarding child support. But the court did not have jurisdiction to enforce such a contract, especially where another court has exercised jurisdiction over the parties' dissolution. Therefore, to the extent the trial court based its enforcement order on the Minutes of Settlement, the trial court erred. See Pickett, 470 N.E.2d at 754.

**Issue Two: Father's Petition to Establish Orders**

We next consider Father's contention that the trial court erred when it denied his request to enter an order establishing custody, parenting time, and child support. However, his brief lacks law and cogent reasoning in support of his argument that the trial court erred. Instead, Father states only that the trial court erred. Thus, Father's argument was waived. See Ind. Appellate Rule 46(A)(8)(a).

**Conclusion**

We conclude that the trial court did not find Father in contempt of the Order. But we also conclude that the trial court lacked jurisdiction to enter an order enforcing Father's child support obligations. The trial court did not have before it a child support order from another state, a prerequisite to enforcing a foreign support order, nor may the court enforce child support obligations based only on contract that was not approved by a court or incorporated into a court order. Thus, the trial court erred when it entered the Order enforcing Father's child support obligations and ordering Father to pay attorney's

13

fees as a result. Finally, Father waived his argument regarding the order denying his request to establish custody, parenting time, and child support because he failed to support that argument with cogent reasoning including citations to authorities or statutes. See App. R. 46(A)(8)(a). We reverse the trial court's Order and Judgment on Verified Petition for Contempt.

Reversed.

FRIEDLANDER, J., and BRADFORD, J., concur.