Lowell L. PICKETT, Appellant,

v.

Marcia PICKETT, Appellee.

No. 4–484A117.

Court of Appeals of Indiana,
Fourth District.

Nov. 14, 1984.

Don P. Campbell, Wallace, Campbell, Bunch, Shambach & Rennick, Covington, for appellant.

Mark A. Greenwell, Newport, for appellee.

CONOVER, Judge.

Appellant Lowell L. Pickett (Lowell) appeals an award of $10,120 in unpaid child support to appellee Marcia Pickett Manley (Marcia).

We affirm.

ISSUES

Lowell presents three issues for review:

1. Was the parties' oral, out-of-court "agreement" regarding child visitation and support enforceable?

2. Did the defense of laches bar Marcia from bringing her action to recover past due support payments?

3. Did the trial court err in failing to state its general reasons for granting Marcia's motion to correct errors?

FACTS

Lowell and Marcia were divorced in 1973. The dissolution decree provided Marcia with custody of the couple's only child, a son. Lowell received reasonable visitation rights and was ordered to pay $20 a week support. Lowell quit paying support five months after the decree was entered. His regular visits with his son began to decrease about a year later and eventually ceased altogether. Marcia petitioned in January, 1984, to recover the amount of

unpaid support. The trial court granted Marcia past due support in an amount substantially less than the amount requested. The trial court later granted Marcia's motion to correct errors and increased her award of unpaid support.

## DISCUSSION AND DECISION

### I. Extrajudicial Child Support "Agreements"

Lowell contends Marcia verbally agreed not to require child support if Lowell did not visit his son. He now argues the trial court erred in failing to enforce this verbal, out-of-court agreement. We disagree.

A party is required to make support payments in the manner specified in a divorce decree until the order is modified or set aside. *Stitle v. Stitle,* (1964) 245 Ind. 168, 182, 197 N.E.2d 174, 183. A trial court which entered the original dissolution decree and support order retains continuing jurisdiction during the child's minority to modify custody and support matters in the decree. *State ex rel. Werthman v. Superior Court of Marion County,* (1983) Ind., 448 N.E.2d 680, 683; *see also, Linton v. Linton,* (1975) 166 Ind.App. 409, 419, 336 N.E.2d 687, 694. Therefore, an out-of-court verbal agreement regarding support and visitation is not enforceable unless it is first approved by the trial court or merged into a court order. *Reffeitt v. Reffeitt,* (1981) Ind.App., 419 N.E.2d 999, 1003; *Haycraft v. Haycraft,* (1978) 176 Ind.App. 211, 214, 375 N.E.2d 252, 254.

Lowell's last support payment paid pursuant to the support order in the divorce decree was made in November, 1973. In the summer of 1975, a conflict developed between Lowell's son and his second wife. The son gradually ceased overnight visits with Lowell and his second wife, but visits continued away from Lowell's residence. Lowell's visits gradually decreased over the years, at Lowell's choice, because of the friction between his son and his second wife. Nothing in the record suggests Marcia prevented Lowell from visiting his son.

No evidence exists Marcia orally agreed to forego support payments if Lo-

well agreed to forego visitation with their son. Marcia testified she was aware Lowell was "strapped for money" immediately following the divorce in 1973. She "just never pressed support" when he failed to pay. Further, the purported "agreement" was neither approved by the trial court nor merged into a court order. Thus, even had Lowell proved the existence of the agreement, it would not have been enforceable without prior court approval. The trial court properly refused to enforce the alleged oral agreement.

### II. Laches

Lowell next contends Marcia's claim for support was barred by laches. We disagree.

A defendant raising the equitable defense of laches precludes a plaintiff from asserting a claim when he shows: (1) plaintiff's inexcusable delay in asserting rights, (2) plaintiff's implied waiver arising from knowing acquiescence in existing conditions, and (3) circumstances causing defendant prejudice. *Turner Transportation, Inc. v. Indiana Employment Security Board,* (1983) Ind.App., 448 N.E.2d 300, 304; *State ex rel. Crooke v. Lugar,* (1976) 171 Ind.App. 60, 74, 354 N.E.2d 755, 765. The mere passage of time is insufficient to establish laches as there must also be unreasonable delay and prejudice to the opposing party. *Harrington v. State,* (1984) Ind.App., 466 N.E.2d 1379, 1381. The doctrine of laches may bar a plaintiff's claim even though the applicable statute of limitations has not expired:

> There are circumstances where "the laches of a party may be of such a character ... as will bar his right to prosecute his action in less time than that fixed by the statute of limitations. But that is only in cases where the laches are of such a character, and under such circumstances, as to work an equitable estoppel."

*Piel v. DeWitt,* (1976) 170 Ind.App. 63, 76, 351 N.E.2d 48, 56 *quoting Hegarty v. Curtis,* (1950) 121 Ind.App. 74, 89, 95 N.E.2d 706, 712–713. The defense of equitable estoppel is similar to the laches defense but

contains the additional element of reliance by the defendant. *Wienke v. Lynch,* (1980) Ind.App., 407 N.E.2d 280, 284. An estoppel defense will not preclude a party from asserting a claim for past due child support:

> Even if it could be said that (a party) should be estopped from denying the existence of an agreement, such an agreement is unenforceable. It has been held that *the parent having custody* in such a proceeding as this *is merely a trustee* of the support payments, *and therefore, would have no right to contract away the benefits of the trust.* (Emphasis added.)

*Reffeitt, supra,* 419 N.E.2d at 1003 *quoting, Grace v. Quigg,* (1971) 150 Ind.App. 371, 379, 276 N.E.2d 594, 599. Thus, an agreement to forego child support, which by its nature is unenforceable, will not become enforceable later by virtue of an estoppel defense. Finally, the trial court exercises its sound discretion when equitable defenses such as laches or estoppel are raised. It will be reversed only for an abuse thereof. *Bryant v. State ex rel. Van Natta,* (1980) Ind.App., 405 N.E.2d 583, 585.

 Marcia filed her petition to modify the support order and her claim to collect unpaid support more than ten years after the first unpaid installment became due. This was well within the applicable fifteen year limitations period. *Reffeitt, supra,* 419 N.E.2d at 1003; IND.CODE 34-1-2-3. Even had Lowell successfully asserted the laches defense by showing Marcia's conduct amounted to an estoppel, the agreement was nevertheless unenforceable since Marcia never had a right to verbally contract away her son's support benefits. There is no error here.

### III. Reasons for Granting Motion to Correct Errors

Lowell lastly contends the trial court erred in failing to state its reasons for granting Marcia's motion to correct errors.

We agree with this contention. However, this error was harmless.

 A petition to modify a support order operates only prospectively and a trial court may not retroactively reduce or vacate a support order. *Corbridge v. Corbridge,* (1952) 230 Ind. 201, 206, 102 N.E.2d 764, 767; *Green v. Green,* (1983) Ind.App., 447 N.E.2d 605, 608–609 (modification of support order operates prospectively from date modification order entered into record). When a trial court erroneously and retroactively reduces the amount due under a support order, a motion to correct errors gives the parties and the trial court a final opportunity to correct this error without resorting to appellate review. *See, Southern School Buildings v. Loew Electric, Inc.,* (1980) Ind.App., 407 N.E.2d 243, 253. Recovery of inadequate damages at trial is one basis for filing a motion to correct errors. Ind.Rules of Procedure, Trial Rule 59(A)(3). When a trial court grants a party's motion to correct errors, it may, under T.R. 59(J)(3) alter, amend, modify or correct the judgment. The trial court also may enter final judgment on the evidence for the amount of proper damages under T.R. (59)(J)(5) where the original amount recovered at trial is inadequate. However, the trial court cannot properly vary an award and enter judgment for a different amount unless it finds, *as a matter of law,* the damages awarded were excessive or inadequate.[1] *State v. Bircher,* (1983) Ind.App., 446 N.E.2d 607, 610; *Weenig v. Wood,* (1976) 169 Ind.App. 413, 450–451, 349 N.E.2d 235, 257. T.R. 59(J)(7) requires a trial court to state its general reasons for granting corrective relief on a motion to correct errors. A trial court's failure to state general reasons for granting corrective relief on a motion to correct errors has been held to be harmless error where it was obvious from a previous order the court was correcting its own arithmetic error and where the party claiming error failed to show prejudice. *See Morgan v.*

---

**1.** We note the cases cited involve varying a *jury's* award. However, this rationale is equally applicable in this case where the trial court, by granting a motion to correct errors, corrects *its own* inadequate award.

*Cooper,* (1981) Ind.App., 415 N.E.2d 729, 731–732; T.R. 61; Ind.Rules of Procedure, Appellate Rule 15(E).

■ Marcia originally petitioned for $9560 in past due support. In the hearing, Marcia testified the amount of past due support totaled $10,620 as of that date. Lowell presented no evidence to dispute this figure. He, however, estimated he paid a total of $500 towards support and should be credited for this amount, to which Marcia agreed. The trial court awarded Marcia only $2800 in support arrears. The memorandum accompanying Marcia's motion to correct errors correctly noted (1) a trial court could not retroactively reduce or vacate a prior support order; (2) the $10,620 figure was undisputed in the hearing; and (3) Lowell claimed he should be credited for payments he made in an amount between $100 and $500. The memorandum concluded "depending on the Courts (sic) findings concerning this alleged credit, the actual arrearage is between $10,120.00 and $10,620.00." Lowell filed a brief in opposition to Marcia's motion to correct errors arguing only estoppel and ratification theories as argued in the hearing. The trial court's order granting Marcia's motion to correct errors provided:

> Comes now the court and having had this matter under advisement now grants the petitioner's motion to correct errors. The court finds the respondent, Lowell L. Pickett, in arrearages on child support in the amount of $10,120.00. The court does now grant the petitioner a judgment against the respondent, Lowell L. Pickett, in the amount of $10,120.00. Further, the court orders the respondent, Lowell L. Pickett, to continue to pay current support in the amount of $35.00 per week on every Friday until further order of the court through the Vermillion County Clerk's office.

The trial court gave no general reasons for increasing Marcia's award. However, other evidence in the record indicates Marcia *as a matter of law* was entitled to the full amount in past due support. Although the trial court failed to make findings regard-

ing the amount Lowell was to be credited, Marcia agreed in the hearing to credit him for as much as $500. This provided a sufficient basis for the trial court's granting of Marcia's motion to correct errors by setting arrears at $10,120, a figure which gives Lowell $500 credit. Lowell has not demonstrated on appeal how the trial court's failure has prevented him from formulating his appeal. Without a showing of prejudice, the trial court's error was harmless. To remand to the trial court for the sole purpose of stating such reasons in this case we believe would violate the principle of judicial economy, the mere honoring of form over substance. We decline to do so.

Affirmed.

MILLER, P.J., and YOUNG, J., concur.