

**FILED**

Mar 03 2017, 6:18 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Dylan A. Vigh
Law Offices of Dylan A. Vigh, LLC
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Caleb Riggen, | March 3, 2017 |
| *Appellant-Petitioner,* | Court of Appeals Case No. 67A04-1606-DR-1312 |
| v. | Appeal from the Putnam Superior Court |
| Tammy Riggen, | The Honorable Charles D. Bridges, Judge |
| *Appellee-Respondent.* | Trial Court Cause No. 67D01-1309-DR-164 |

**Bailey, Judge.**

# Case Summary

Caleb Riggen ("Father") and Tammy Riggen ("Mother") were once married, and have one child between them ("Child"). After the marriage was dissolved, Father petitioned to modify custody of Child. The trial court initially granted Father's petition. Subsequently, the trial court granted Mother's motion to correct error, thereby denying Father's petition. Father now appeals, raising two issues, which we consolidate and restate as whether the trial court abused its discretion in granting Mother's motion to correct error.

We reverse and remand with instructions.

# Facts and Procedural History

In 2014, Father's and Mother's marriage was dissolved, with Mother having physical custody of Child. Father later petitioned to modify custody. The trial court held a hearing on Father's petition, during which it heard testimony from Child's guardian ad litem (the "GAL") and took judicial notice of the GAL's report. On February 16, 2016, the trial court granted Father's petition.

On March 2, 2016, Mother filed a motion to correct error and to stay the order. Mother alleged that the trial court erred in making its findings, and contended that there was insufficient evidence supporting the order. Mother also argued that "the GAL's report was so flawed it should carry little if any weight" (App. Vol. II at 30), and suggested that the GAL further investigate.

The trial court entered a stay of its order, set a hearing on Mother's motion to correct error, and requested that the GAL conduct further investigation. The GAL complied and filed a supplemental report, after which the trial court held a hearing on Mother's motion. Following the hearing, the trial court entered an order granting Mother's motion and denying Father's petition. The order did not provide a reason for granting Mother's motion.

This appeal ensued.

# Standard of Review

At the outset, we note that Mother has not filed a brief. When an appellee fails to submit a brief, we need not undertake the burden of developing an argument on the appellee's behalf. *Front Row Motors, LLC v. Jones*, 5 N.E.3d 753, 758 (Ind. 2014). Instead, "we will reverse the trial court's judgment if the appellant's brief presents a case of prima facie error." *Trinity Homes, LLC v. Fang*, 848 N.E.2d 1065, 1068 (Ind. 2006). Prima facie error in this context is defined as, "at first sight, on first appearance, or on the face of it." *Id.* (internal quotation marks and citation omitted).

Father appeals from the grant of Mother's motion to correct error. We review a trial court's ruling on a motion to correct error for an abuse of discretion. *Santelli v. Rahmatullah*, 993 N.E.2d 167, 173 (Ind. 2013). In so doing, we afford the trial court's decision "a strong presumption of correctness." *Id.* (internal quotation marks omitted) (citing *Walker v. Pullen*, 943 N.E.2d 349, 351 (Ind.

2011)). However, by granting Mother's motion to correct error, the trial court effectively denied Father's petition to modify custody. Thus, the context and circumstances of the underlying petition are relevant to our review.

[9] Here, Father petitioned to modify a custody order. Under Indiana Code section 31-17-2-21, a court may not modify a child custody order unless (1) modification is in "the best interests of the child" and (2) there is a "substantial change" in one of several factors that a court may consider in initially determining custody. The party seeking modification of a custody order "bears the burden of demonstrating [that] the existing custody should be altered." *Steele-Giri v. Steele*, 51 N.E.3d 119, 124 (Ind. 2016). This "'more stringent standard' is required to support a change in custody"—as opposed to an initial custody determination—"because 'permanence and stability are considered best for the welfare and happiness of the child.'" *Id.* (quoting *Lamb v. Wenning*, 600 N.E.2d 96, 98 (Ind. 1992)). Moreover, "there is a well-established preference in Indiana 'for granting latitude and deference to our trial judges in family law matters.'" *Id.* (quoting *In re Marriage of Richardson*, 622 N.E.2d 178 (Ind. 1993). "Appellate judges are not to reweigh the evidence nor reassess witness credibility, and the evidence should be viewed most favorably to the judgment." *Best v. Best*, 941 N.E.2d 499, 502 (Ind. 2011).

[10] Additionally, because the grant of Mother's motion to correct error effectively denied Father's petition to modify the custody order, Father appeals from a negative judgment. On appeal from a negative judgment, we do not reverse the judgment of the trial court unless it is contrary to law. *Comm'r, Dep't of Envtl.*

*Mgmt. v. RLG, Inc.*, 755 N.E.2d 556, 559 (Ind. 2001). We will reverse the judgment only if the evidence leads to but one conclusion and the trial court reached the opposite conclusion. *Id.*

## Discussion and Decision

[11] Father contends that the trial court abused its discretion in granting Mother's motion to correct error because the trial court "failed to articulate any reasons whatsoever for why it granted Mother's motion."[1] (Appellant's Br. at 12.) Trial Rule 59(J) provides that whenever a court grants relief on a motion to correct error, the court "shall specify the general reasons" for granting relief. We note that the trial court's obligation to specify "general reasons" under Trial Rule 59(J) is not the same as the trial court's obligation to enter "special findings" when it sets aside a jury verdict and orders a new trial. *See* T.R. 59(J).

[12] Here, the trial court provided no explanation for its decision to grant corrective relief, contrary to Trial Rule 59(J). Were this case before us with an appellee's

---

[1] Father raises other issues, but they are not dispositive. One challenge is to the form of Mother's motion. Father contends that because Mother anticipated a supplemental GAL report, the motion was based on evidence outside the record and required an affidavit under Trial Rule 59(H). We disagree because Mother did not introduce evidence through the motion itself. Father also argues that the trial court improperly admitted evidence, but Father did not object to the admission of the evidence and has therefore waived this argument. *See Bogner v. Bogner*, 29 N.E.3d 733, 740 (Ind. 2015) (noting the "general principle that objections not contemporaneously raised are waived"). Last, Father argues that the evidence was sufficient to support the trial court's initial order. To the extent Father is arguing that the trial court impermissibly changed its mind after entry of judgment, we note that the trial court was entitled to do so. *See Hubbard v. Hubbard*, 690 N.E.2d 1219, 1221 (Ind. Ct. App. 1998) ("Trial Rule 59 . . . provides the court, on its own motion to correct error or that of any party, the ability to alter, amend, modify or even vacate its decision following the entry of final judgment."). To the extent Father is challenging the denial of his petition, we do not reach this argument because our resolution of the dispositive issue leads us to vacate the trial court's order and remand.

brief, we might conclude that the error was harmless. *See Pickett v. Pickett*, 470 N.E.2d 751, 756 (Ind. Ct. App. 1984) (determining that the trial court's failure to specify "general reasons" under Trial Rule 59(J) was harmless error). However, Father has directed us to prima facie error. Under these circumstances, we are constrained in our review and therefore vacate the trial court's order granting Mother's motion to correct error. On remand, we instruct the trial court, when considering the motion to correct error, to comply with Trial Rule 59.

# Conclusion

[13] The trial court abused its discretion when it granted Mother's motion to correct error without providing a reason for doing so, contrary to Trial Rule 59(J).

[14] Reversed and remanded.

Najam, J., and May, J., concur.