

FILED

Nov 07 2018, 9:22 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Stephen R. Lewis
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Jack M. Freedman
Fishers, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Jennifer Rose,<br>*Appellant-Respondent,*<br><br>v.<br><br>William D. Bozeman, Sr.,<br>*Appellee-Petitioner.* | November 7, 2018<br><br>Court of Appeals Case No.<br>18A-DN-1085<br><br>Appeal from the Hamilton<br>Superior Court<br><br>The Honorable J. Richard<br>Campbell, Judge<br><br>Trial Court Cause No.<br>29D04-1708-DN-7220 |

**Riley, Judge.**

# STATEMENT OF THE CASE

Appellant-Respondent, Jennifer L. Rose (Rose), appeals the trial court's Order on Appellee-Plaintiff's, William D. Bozeman, Sr. (Bozeman), motion to correct error with respect to the division of marital property in the parties' decree of dissolution of marriage.

We affirm.

# ISSUES

Rose presents us with two issues on appeal, which we restate as:

(1) Whether the trial court abused its discretion by granting Bozeman's motion to correct error without specifying its reasons; and

(2) Whether the trial court abused its discretion by adjusting the division of the marital estate.

# FACTS AND PROCEDURAL HISTORY

Bozeman and Rose married on July 7, 2017. They closed on the purchase of the marital residence located in Fishers in the amount of $499,900 on July 19, 2017, and moved into the marital residence on July 28, 2017. Although Rose did not contribute any money towards the purchase of the residence, the house was titled in both parties' names. The parties separated on July 31, 2017, and Bozeman petitioned for a decree of dissolution on August 1, 2017, after twenty-four days of marriage. When the parties separated, Bozeman gave Rose $30,000. Rose continued to live in the marital residence rent-free while the case

was pending; Bozeman paid the taxes on the residence and the cost of painting necessary to sell the residence.

[5] Including the money used to purchase the marital residence, Bozeman brought more than three million dollars of assets into the marriage. Other than the marital residence and the increase in value of assets during the marriage, Bozeman was awarded all the assets he brought into the marriage upon its dissolution.

[6] On February 28, 2018, the trial court conducted a final hearing. On March 15, 2018, the trial court issued its decree of dissolution of marriage, concluding in pertinent part that

21. Within seven (7) days after this Decree has been file marked by the Clerk of Hamilton County, Indiana, [Bozeman] shall pay twenty thousand, four hundred four dollars ($20,404) to [Rose] as her share of the increase in value of the marital assets that took place prior to the date of final separation.

22. With regard to the marital residence, although [Bozeman] brought the purchase money into the marriage, Indiana law is clear that once he put [Rose's] name on the deed it is just as much hers as his. Even though the marriage was short, once [Rose's] name was put on the real estate, it is half hers. Therefore, [Bozeman] and [Rose] shall each receive fifty percent (50%) of the "net proceeds" from the sale of the house. "Net proceeds" shall mean the amount that is paid to the parties by the closing agent after all contractual amounts, taxes, closing costs and expenses, and broker's fees have been paid. [Bozeman] shall pay the costs of any repairs or improvements to the home that were made in preparation for sale.

23. [Rose] shall vacate the marital residence as required by the closing on the sale.

24. [Bozeman] shall continue to pay the utility costs and other expenses of the marital residence until ownership is transferred.

25. [Rose] shall have sole ownership of all personal property remaining in the marital residence that is not contractually required to go to the buyers.

26. Each party shall have sole ownership of all other personal property in his or her possession.

(Appellant's App. Vol. II, pp. 40-41).

On April 12, 2018, Bozeman filed his motion to correct error, requesting the trial court to correct the equal division of the net proceeds from the sale of the marital residence because Bozeman had "put up all the money for the purchase just two (2) weeks before the divorce case was filed." (Appellant's App. Vol. II, p. 54). On April 23, 2018, the trial court granted Bozeman's motion, holding:

Paragraph 22 of the Decree is deleted and replaced with the following language:

[Rose] shall receive $35,000 and [Bozeman] shall receive the balance of the "net proceeds" from the sale of the marital residence[.] "Net proceeds" means the amount that is paid to the parties by the closing agent after all contractual amounts, taxes, closing costs, expenses, and broker's fees have been paid.

(Appellant's App. Vol. II, p. 11).

Rose now appeals. Additional facts will be provided if necessary.

# DISCUSSION AND DECISION

### I. *Articulation of General Reasons*

Rose appeals from the grant of Bozeman's motion to correct error. We review a trial court's ruling on a motion to correct error for an abuse of discretion. *Santelli v. Rahmatullah*, 993 N.E.2d 167, 173 (Ind. 2013). In so doing, we afford the trial court's decision "a strong presumption of correctness." *Id.*

Rose contends that because Bozeman filed his motion to correct error pursuant to Indiana Trial Rule 59(J) and corrective relief was granted, the trial court was required to "specify the general reasons therefor." *See* Ind. Trial Rule 59(J). Because these general reasons are absent in the trial court's order, Rose requests this court to reverse the trial court's grant of Bozeman's motion. In support of her argument, Rose relies on *Riggen v. Riggen*, 71 N.E.3d 420, 423 (Ind. Ct. App. 2017) in which we concluded that the trial court's failure to provide an explanation for its decision to grant Wife's motion to correct error in accordance with T.R. 59(J) could not be considered harmless error. In *Riggen*, appellee failed to submit an appellee's brief, and we cautioned that "[w]ere this case before us with an appellee's brief, we might conclude that the error was harmless." *Id.*

We reached the opposite result in *Pickett v. Pickett*, 470 N.E.2d 751, 756 (Ind. Ct. App. 1984), where the trial court similarly failed to specify the general reasons for its decision to grant Wife's motion to correct error. Based on "other

evidence in the record," we were able to infer the trial court's general reason for correcting its original decree and noted that Husband failed to demonstrate "on appeal how the trial court's failure ha[d] prevented him from formulating his appeal." *Id.* Concluding that "[w]ithout a showing of prejudice, the trial court's error was harmless," we noted that "[t]o remand to the trial court for the sole purpose of stating such reasons in this case we believe would violate the principle of judicial economy, the mere honoring of form over substance." *Id.*

[12] Bozeman initially petitioned for an unequal division of the marital estate based on the short duration of the marriage, and the assets of the respective parties prior to the marriage. During the dissolution hearing, he requested the court to award him the marital residence and allocate to him the loss on the sale of the residence. In its dissolution decree, the trial court awarded Rose half of the net proceeds of the sale of the residence. Bozeman filed a motion to correct error, requesting in his memorandum to award him the net proceeds of the sale of the marital residence based on the duration of the marriage, the respective assets the parties brought into the marriage, and the windfall Rose reaped by being awarded half of the net proceeds of the sale. Rose responded to this memorandum. Even though the trial court omitted to specify its reasons for granting Bozeman's motion, Rose fails to show how she was prejudiced by the lack of general reasons as there is sufficient evidence in the record from which to infer the basis of the trial court's grant. Therefore, as in *Pickett*, we conclude that this error was harmless. *See id.*

## II. *Adjustment of Division of Marital Estate*

[13]     Turning to the merits of the case, Rose contends that the trial court abused its discretion by adjusting the division of the net proceeds of the sale of the marital residence. She maintains that under "the facts and circumstances of this case, specifically those surrounding the trial court's granting of [Bozeman's] [m]otion to [c]orrect [e]rror, this [c]ourt cannot reasonably infer that the trial court considered all the factors set out in Ind. Code § 31-15-7-5." (Appellant's Br. p. 15).

[14]     In dividing marital property, the trial court shall presume that an equal division of the marital property between the parties is just and reasonable. I.C. § 31-15-7-5. This presumption may be rebutted however, by evidence that an equal division would not be just and reasonable. *Id.* This rebuttal may include evidence of the following factors:

> (1) The contribution of each spouse to the acquisition of the property, regardless of whether the contribution was income producing.
>
> (2) The extent to which the property was acquired by each spouse:
>     (A) Before the marriage; or
>     (B) Through inheritance or gift.
>
> (3) The economic circumstances of each spouse at the time the disposition of the property is to become effective, including the desirability of awarding the family residence or the right to dwell in the family residence for such periods as the court considers just to the spouse having custody of any children.
>
> (4) The conduct of the parties during the marriage as related to the disposition or dissipation of their property.
>
> (5) The earnings or earning ability of the parties as related to:

        (A) a final division of property; and

        (B) a final determination of the property rights of the
            parties.

I.C. § 31-15-7-5. In dividing marital property, the trial court must consider all of these factors, but it is not required to explicitly address all of the factors in every case. *Montgomery v. Faust*, 910 N.E.2d 234, 239 (Ind. Ct. App. 2009).

[15]    Rose argues that the trial court, in considering Bozeman's motion to correct error, only emphasized the first two statutory factors, without considering any of the others. However, "[w]hen a party challenges the trial court's division of marital property, [she] must overcome a strong presumption that the trial court considered and complied with the applicable statute, and that presumption is one of the strongest presumptions applicable to our consideration on appeal." *Hatten v. Hatten*, 825 N.E.2d 791, 794 (Ind. Ct. App. 2005), *trans. denied*.

[16]    The extremely short duration of the marriage, the substantial property and financial contribution by Bozeman to the marriage versus the very limited assets of Rose only speak to the first two statutory factors of I.C. § 31-15-7-5. The twenty-four-day term of married life is simply too short to even evaluate the other factors as the economic circumstances and earning abilities of the parties would not yet have been impacted. Rose, however, contends that the trial court's grant of the motion to correct error must be based on a decision to allocate fault for the failed marriage as Bozeman alluded to in his motion that the marriage had never been consummated. In light of the presumption that the trial court considered all statutory factors and in the absence of any evidence supporting Rose's allegation, we must conclude that the trial court applied the

law and Rose's claim amounts to nothing more than speculation. Accordingly, we affirm the trial court's grant of Bozeman's motion to correct error.

# CONCLUSION

[17] Based on the foregoing, we hold that the trial court did not abuse its discretion in granting Bozeman's motion to correct error.

[18] Affirmed.

[19] Vaidik, C. J. and Kirsch, J. concur