## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 25 2020, 8:49 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Lori S. James
Beaver & Beaver, P.C.
Rensselaer, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| T.D., <br> *Appellant-Respondent,* <br><br> v. <br><br> A.D., <br> *Appellee-Petitioner* | February 25, 2020 <br><br> Court of Appeals Case No. 19A-DR-1868 <br><br> Appeal from the Jasper Circuit Court <br><br> The Honorable John D. Potter, Judge <br><br> Trial Court Cause No. 37C01-0504-DR-113 |

**Crone, Judge.**

## Case Summary

[1]     T.D. ("Husband") appeals the trial court's order ("the Order"), which, among other things, denied his request to modify custody, reduced his parenting time,

and modified his child support. He argues that the trial court abused its discretion in all three instances. We conclude that Husband has failed to show that the denial of his request to modify custody is contrary to law and that the trial court abused its discretion as to parenting time. Accordingly, we affirm the Order on these issues. However, because we are unable to determine the basis for the trial court's child support award, we reverse that portion of the Order and remand with instructions to the trial court to explain the basis for the award or if necessary to recalculate Husband's child support obligation consistent with the Indiana Child Support Guidelines.

## Facts and Procedural History

[2]     Husband and A.D. ("Wife") got married in 1991. They had three children: M.D., born in June 1992; C.D., born in February 2000; and E.D., born in February 2003. Appellant's App. Vol. 2 at 13. In April 2005, Wife filed a petition for dissolution. *Id*. In November 2005, the trial court entered an order dissolving the parties' marriage. *Id*. at 58. Pursuant to the dissolution order, Husband and Wife were granted joint legal custody of the children, and Wife was granted physical custody. *Id*. at 59-60. Husband was granted visitation "to include but not limited to shared parenting time" pursuant to the Indiana Parenting Time Guidelines. *Id*. at 60. In addition, because of Husband's unusual work schedule, the trial court found that he should keep the children overnight for two nights on his days off from work each week, "which days off change from Monday and Tuesday to Wednesday and Thursday[,]" and provide care for the children during the time Wife was working. *Id*. Husband

received credit for 156 overnight visits with the children and was ordered to pay weekly child support of $138.00. *Id*. at 61.

[3]     In November 2008, Husband filed a petition for modification of child support alleging a change of work status, income, and parenting time. Appellant's App. Vol. 3 at 6. In February 2009, the trial court issued an order granting Husband's petition for modification of child support and ordering him to pay child support of $93.00 per week. *Id*. at 12.

[4]     In September 2011, Husband filed a petition for modification of child support alleging that M.D. had moved out of Wife's home and was living in Husband's home. *Id*. at 22. In January 2012, the trial court issued an order granting Husband's petition and ordered him to pay Wife weekly child support of $24.00.[1] Following Husband's motion to reconsider, the trial court found that it had erred in its child support calculation and ordered Husband to pay Wife $20.00 per week. *Id*. at 66.

[5]     In January 2019, Husband filed a petition seeking emancipation of C.D., a motion to modify custody asking for physical custody of E.D., and a motion to modify child support. Appellant's App. Vol. 4 at 22, 24. In February 2019, Wife filed a motion to modify custody alleging that there had been a continuing and substantial change in circumstances affecting E.D.'s best interests such that

---

[1] Because of the split custody arrangement, Husband's weekly child support was $78.00 and Wife's was $54.00, but to simplify matters, the trial court offset those amounts and ordered Husband to pay Wife $24.00 per week. Appellant's App. Vol. 3 at 49-50.

the parties' equally shared parenting time should be modified. *Id*. at 31. Husband then filed a motion requesting that the trial court conduct an in camera interview of then sixteen-year-old E.D., which the trial court granted. *Id*. at 35.

[6] In April 2019, the trial court held a hearing on the outstanding motions and conducted an in camera interview of E.D. Each party submitted a child support worksheet. On July 10, 2019, the trial court issued the Order, in which it found C.D. emancipated and made the following findings regarding E.D.:

> As to Mother['s] and Father's cross Motions to Modify Custody, the Court finds that the current Order of the Court alternating weeks is no longer in the best interests of the child, [E.D.] [E.D.] has to pack her things weekly, which for a teenage girl is a much bigger burden than for an elementary school-aged child when this original agreement between the parties was executed. The Court has examined the statutory factors and finds that the Mother should have primary physical custody of the parties' minor child, [E.D.], subject to the Father's right of visitation at a minimum pursuant to the Indiana Parenting Time Guidelines, but the Court cautions both parents that visitation is and should be flexible, especially with [E.D.'s] busy sports and activity schedules. Father lives in a different school district and contends that [E.D.] could be driven to a bus stop (a few miles) every morning to catch a bus to Rensselaer where she goes and participates in varsity sports and other activities. That extra time and commute would not be in the best interest of [E.D.], adding at least one hour to her school day and moving her from the City of Rensselaer where her friends, school, life and activities are centered, and have been centered, her entire academic life. Adding to the further complication of living with Father is that he also lives in a different time zone. [E.D.] gets along with everyone, including her parents' significant others. Father's

concerns about Mother's boyfriends were not backed by any evidence other than his opinion. Father's complaint about Mother and her significant other's drug use is not as damning as Father tried to portray. The marijuana and drug paraphernalia found at Mother's house in a military camouflage bag belonging to another family member was found by [E.D.] and photographed at her Father's request over one year ago. The Court is concerned with Mother and her significant other using marijuana because it is apparent that if and when they are doing so, their child knows.

….

Finally, the Court does not reveal *in camera* conversations with children unless required by law or with notice to the child. In this case, the Court will reveal that [E.D.] cares about both parents, wishes they got along, and wants to live in one place, one house, primarily. The Court understands that sentiment and agrees.

Appealed Order at 1-3. The trial court ordered Husband to pay Wife weekly child support of $134.00 for the support of E.D. *Id*. at 3. This appeal ensued.

# Discussion and Decision

[7] As an initial matter, we observe that Wife has not filed an appellee's brief. In such cases, we need not undertake the burden of developing an argument for the appellee, and we will reverse the judgment if the appellant presents a case of prima facie error, that is "at first sight, on first appearance, or on the face of it." *Trinity Homes, LLC v. Fang*, 848 N.E.2d 1065, 1068 (Ind. 2006) (quoting *Santana v. Santana*, 708 N.E.2d 886, 887 (Ind. Ct. App. 1999)).

[8]    In addition, it appears that the trial court entered sua sponte findings.

> In such a situation, the specific factual findings control only the issues that they cover, and a general judgment standard applies to issues upon which there are no findings. It is not necessary that each and every finding be correct, and even if one or more findings are clearly erroneous, we may affirm the judgment if it is supported by other findings or is otherwise supported by the record. We may affirm a general judgment with sua sponte findings on any legal theory supported by the evidence. In reviewing the accuracy of findings, we first consider whether the evidence supports them. We then consider whether the findings support the judgment. We will disregard a finding only if it is clearly erroneous, which means the record contains no facts to support it either directly or by inference.

*Clary-Ghosh v. Ghosh*, 26 N.E.3d 986, 990 (Ind. Ct. App. 2015) (citations and quotation marks omitted), *trans. denied* (2016).

## Section 1 – Husband has failed to show that the denial of his request to modify custody is contrary to law.

[9]    Husband contends that the trial court erred in denying his motion to modify custody "without considering any differing factors since the prior Court Order." Appellant's Br. at 6. Here, Wife had been granted physical custody of E.D. in the 2005 dissolution order. Under Indiana Code Section 31-17-2-21, a court may not modify a child custody order unless (1) modification is in "the best interests of the child" and (2) there is a "substantial change" in one of several factors that a court may consider in initially determining custody. The party seeking modification of a custody order "bears the burden of demonstrating [that] the existing custody should be altered." *Steele-Giri v. Steele*, 51 N.E.3d 119,

124 (Ind. 2016). "[T]his 'more stringent standard' is required to support a change in custody, as opposed to an initial custody determinations where there is no presumption for either parent because 'permanence and stability are considered best for the welfare and happiness of the child.'" *Id.* (quoting *Lamb v. Wenning*, 600 N.E.2d 96, 98 (Ind. 1992)). Additionally, Indiana appellate courts have a well-established preference "for granting latitude and deference to our trial judges in family law matters." *Id.* (quoting *In re Marriage of Richardson*, 622 N.E.2d 178 (Ind. 1993)). We neither reweigh evidence nor reassess witness credibility, and we view the evidence most favorably to the judgment. *Best v. Best*, 941 N.E.2d 499, 502 (Ind. 2011).

[10] Also, because the trial court denied Husband's petition to modify the custody, he appeals from a negative judgment. On appeal from a negative judgment, we will not reverse the judgment of the trial court unless it is contrary to law. *Riggen v. Riggen*, 71 N.E.3d 420, 422 (Ind. Ct. App. 2017). The judgment is contrary to law only if the evidence leads to but one conclusion and the trial court reached the opposite conclusion. *Id.*

[11] Husband argues that he introduced evidence of changed circumstances, and Wife did not. However, she did not have that burden. Husband's argument fails to persuade us that the evidence leads to only one conclusion, which is the opposite of that reached by the trial court.

## Section 2 – Husband has failed to establish that the trial court abused its discretion in modifying his parenting time.

[12] Husband next contends that the trial court erred in modifying parenting time. We defer to the trial court on issues of parenting time and will uphold the trial court's determination unless we find an abuse of discretion. *Dumont v. Dumont*, 961 N.E.2d 495, 501 (Ind. Ct. App. 2011), *trans. denied* (2012). A trial court does not abuse its discretion as long as its determination is supported by a rational basis. *Id*.

> Thus, it is not enough that the evidence might support some other conclusion, but it must positively require the conclusion contended by for the appellant before there is a basis for reversal. We will not reweigh the evidence or judge the credibility of the witnesses. In all parenting time issues, courts are required to give foremost consideration to the best interest of the child.

*Id*. (citations and quotation marks omitted).

[13] Indiana has long recognized that the right of parents to visit their children is a precious privilege, and thus a noncustodial parent is generally entitled to reasonable visitation rights. *Perkinson v. Perkinson*, 989 N.E.2d 758, 762 (Ind. 2013). Indiana Code Section 31-17-4-2 provides,

> The court may modify an order granting or denying parenting time rights whenever modification would serve the best interests of the child. However, the court shall not restrict a parent's parenting time rights unless the court finds that the parenting time might endanger the child's physical health or significantly impair the child's emotional development.

[14] Husband first asserts that the trial court abused its discretion in modifying parenting time because neither party raised the issue of parenting time. He is mistaken. Wife's February 2019 motion specifically alleged that there had been a continuing and substantial change in circumstances affecting E.D.'s best interests and requested that the parties' equally shared parenting time be modified. Appellant's App. Vol. 4 at 31. In addition, Wife testified at the hearing that the current parenting time schedule did not provide the appropriate schedule for E.D. Tr. Vol. 2 at 47. Wife's child support worksheet suggests that Husband should be granted a credit for parenting time of 104 overnights. Appellant's App. Vol. 4 at 42. This is less than the parenting time credit of 156 overnights Husband received pursuant to the 2005 dissolution order. Thus, Wife clearly raised the issue of parenting time.[2]

[15] Husband also argues that the trial court abused its discretion in modifying his parenting time by considering the same factors it used to award him 156 days in the 2005 dissolution order. He points out that the parties' residences have not changed since the dissolution and that the trial court mistakenly believed that he lived in a different time zone than Wife. It is true that the trial court erred in finding that Husband and Wife live in different time zones; although Wife lives in Rensselaer and Husband lives in a rural area about seventeen miles away,

---

[2] Husband cites *Green v. Green*, 889 N.E.2d 1243 (Ind. Ct. App. 2008), *trans. denied* (2009), in which another panel of this Court concluded that the trial court abused its discretion by reducing the noncustodial parent's visitation where the issue of parenting time had not been raised. *Id.* at 1252-53. Here, Wife clearly raised the issue of parenting time, and therefore *Green* is inapplicable.

Husband has a Rensselaer address and is in the same time zone as Wife. Nevertheless, even though Husband and Wife's residences have not changed since the dissolution, Husband's argument ignores that as E.D. has grown her life has changed. When the parties' marriage was dissolved in 2005, E.D. was a two-year-old toddler; when the trial court interviewed her, she was a sixteen-year-old high school student. The Indiana Parenting Time Guidelines recognize that a child's age is relevant to setting a reasonable parenting time schedule based on the child's best interests. *See* Ind. Parenting Time Guidelines § II (C) - (E) (specific parenting time provisions based on child's age). Here, the trial court considered E.D.'s "busy sports and activity schedules" and that "her friends, school, life and activities" are centered in Rensselaer. Appealed Order at 2. Husband also ignores that the trial court considered E.D.'s wishes, finding that she wants to live in "one place, one house primarily."[3] *Id.* at 3. We conclude that Husband has failed to establish that the trial court abused its discretion in modifying his parenting time.[4]

---

[3] In considering the best interests of the child, more consideration is given to the child's wishes if the child is at least fourteen years old. Ind. Code § 31-17-2-8; *see also In re Paternity of Snyder*, 26 N.E.3d 996, 998 (Ind. Ct. App. 2015) (applying factor in Ind. Code § 31-17-2-8 to analyze child's best interests under Ind. Code § 31-17-4-2).

[4] Husband briefly argues that reducing his parenting time was an abuse of discretion because the trial court did not find that parenting time by the noncustodial parent might endanger E.D.'s physical health or significantly impair her emotional development. The parenting time awarded by the trial court conforms with the Parenting Time Guidelines, and so such findings were not required. *See Clary-Ghosh*, 26 N.E.3d at 991 ("Because the parenting time modifications were consistent with the Parenting Time Guidelines, we do not believe an endangerment or impairment finding was necessary.").

## Section 3 – The trial court's child support award is unsupported by the record.

[16] Last, Husband contends that the trial court erred in ordering him to pay Wife $134.00 each week in child support because the trial court did not explain how it calculated that amount. "In any proceeding for the award of child support, there shall be a rebuttable presumption that the amount of the award which would result from the application of the Indiana Child Support Guidelines is the correct amount of child support to be awarded." Ind. Child Support Rule 2. "We will reverse a trial court's decision in child support matters only if it is clearly erroneous or contrary to law." *In re Paternity of C.B.*, 112 N.E.3d 746, 757 (Ind. Ct. App. 2018) (quoting *Young v. Young*, 891 N.E.2d 1045, 1047 (Ind. 2008)), *trans. denied* (2019).

[17] Husband argues that it is unknown how the trial court derived its child support obligation of $134.00; there is nothing in the Order as to what weekly gross income the trial court imputed to each party, whether it gave Husband credit for the health insurance premium he pays for E.D., or what amount of overnight credit was provided to Husband. Wife's child support worksheet lists Husband's weekly gross income as $973.00 and Wife's weekly gross income as $763.00. Appellant's App. Vol. 4 at 42. Her worksheet provided credits to Husband of $22.02 for the health insurance premium he pays for E.D. and for 104 overnights and calculated a final recommended child support obligation of

$79.76.[5]  *Id*.  The Order is silent as to how the trial court determined that Husband's child support obligation should be $134.00.  We observe that a trial court may deviate from the Child Support Guidelines, but if it does so "the court shall enter a written finding articulating the factual circumstances supporting that conclusion."  Ind. Child Support Rule 3.   Accordingly, we reverse the child support award and remand with instructions to the trial court to articulate its basis for its child support award or if necessary recalculate the award in conformance with the Child Support Guidelines.

[18]     Affirmed in part, reversed in part, and remanded.


May, J., and Pyle, J., concur.

---

[5]  Husband's child support worksheet lists Husband's weekly gross income as $855.97 and Wife's as $724.52. Husband's Ex. C.  Because Husband was seeking physical custody of E.D., he proposed that Wife receive a parenting time credit for 96-100 overnights and recommended that she pay him child support of $71.00.