


FILED
Nov 06 2025, 8:49 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

IN THE

# Court of Appeals of Indiana

## Christina Armstrong,
*Appellant-Petitioner*

v.

## Katherine Armstrong,
*Appellee-Respondent*

---

November 6, 2025

Court of Appeals Case No.
25A-JP-971

Appeal from the Johnson Circuit Court

The Honorable Michael T. Bohn, Judge

Trial Court Cause No.
41C01-2001-JP-27

---

**Opinion by Judge Scheele**
Judges Brown and Felix concur.

**Scheele, Judge.**

## Case Summary

[1] Christina Armstrong (Grandmother) and her daughter, Katherine Armstrong (Mother), shared custody of Mother's child, I.A. (Child). In 2023, both women petitioned the trial court for sole legal and primary physical custody of Child. The trial court ultimately found in favor of Mother, and Grandmother now appeals. Finding no error, we affirm the court's modification of custody.

## Facts and Procedural History

[2] Mother is the biological mother of Child, and Grandmother is Child's maternal grandmother. After Child was born in March 2018, he and Mother lived with Grandmother. In January 2020, Mother "had a mental health breakdown" and briefly stayed in a mental health facility. App. Vol. II p. 65. At that time, Grandmother filed a petition seeking custody of Child. Soon after, Mother and Grandmother entered an "Agreed Entry on Custody" which was accepted by the trial court. *Id.* at 66. The agreement gave them both joint legal and physical custody of Child. Mother and Child continued to live with Grandmother.

[3] For the next three years, Mother and Grandmother "jointly cared for [Child.]" *Id.* Grandmother watched Child while Mother worked and "took the lead" in many of the caretaking tasks in Child's life, including scheduling doctor's appointments and deciding which school Child would attend. *Id.* Grandmother also typically paid for Child's school supplies, extra curriculars, and provided his health insurance.

[4] In 2023, the relationship between Mother and Grandmother began to deteriorate. Mother moved out of Grandmother's house, initially staying with a friend and later acquiring her own apartment. On March 10, Grandmother filed a petition to modify custody, requesting that she be given sole legal and primary physical custody of Child. In her petition, Grandmother asserted in part that "there has been a substantial change in circumstances that warrants a modification of legal and physical custody of" Child. *Id.* at 26. Mother then filed her own petition also requesting custody be modified and that she receive sole legal and primary physical custody of Child.

[5] A hearing was held in December 2024. At the hearing, Mother testified she no longer had issues with her mental health, had obtained a two-bedroom apartment, and had worked as a certified nursing aide and later a qualified medication aide for almost three years. After the hearing, the trial court issued an order awarding sole legal and primary physical custody of Child to Mother. Grandmother now appeals.

## Discussion and Decision

[6] Grandmother challenges the trial court's modification of custody of Child. As an initial matter, we note that Mother has not filed an appellee's brief. "When an appellee fails to file a brief, we do not develop an argument on the appellee's behalf." *Romero v. McVey*, 167 N.E.3d 361, 365 (Ind. Ct. App. 2021). We may reverse the trial court's judgment if the appellant's brief establishes prima facie error. *Id.* Prima facie error is error "at first sight, on first appearance, or on the

face of it." *Riggen v. Riggen*, 71 N.E.3d 420, 422 (Ind. Ct. App. 2017) (quotation omitted).

[7] "Child-custody determinations fall squarely within the discretion of the trial court, and we reverse only for an abuse of that discretion." *In re Paternity of L.J.*, 223 N.E.3d 716, 720 (Ind. Ct. App. 2023). Where the trial court enters findings and conclusions pursuant to Indiana Trial Rule 52, we determine (1) whether the evidence supports the findings and (2) whether the findings support the judgment. *Id.* We do not set aside the findings or judgment unless clearly erroneous. *Id.* We neither reweigh the evidence nor assess the credibility of the witnesses and consider only the evidence most favorable to the judgment. *Id.*

[8] A party seeking a change of custody must show that (1) modification is in the best interests of the child; and (2) there is a substantial change in one or more of the factors laid out in Indiana Code sections 31-14-13-2 and 31-14-13-2.5. Ind. Code § 31-14-13-6 (1999). Indiana Code section 31-14-13-2 (2002) provides that the trial court shall consider all relevant factors, including:

> (1) The age and sex of the child.
>
> (2) The wishes of the child's parents.
>
> (3) The wishes of the child, with more consideration given to the child's wishes if the child is at least fourteen (14) years of age.
>
> (4) The interaction and interrelationship of the child with:
>
>> (A) the child's parents;

(B) the child's siblings; and

(C) any other person who may significantly affect the child's best interest.

(5) The child's adjustment to home, school, and community.

(6) The mental and physical health of all individuals involved.

(7) Evidence of a pattern of domestic or family violence by either parent.

(8) Evidence that the child has been cared for by a de facto custodian, and if the evidence is sufficient, the court shall consider the factors described in section 2.5(b) of this chapter.

If the court finds "by clear and convincing evidence that the child has been cared for by a de facto custodian[,]" the additional factors enumerated in Section 31-14-13-2.5 should also be considered in determining whether to modify custody. Ind. Code § 31-14-13-2.5 (1999).

[9] However, where a third party (including a de facto custodian) seeks to modify custody in favor of the third party rather than the natural parent, our courts engage in a three-step analysis. *Matter of A.M.J.*, 228 N.E.3d 1132, 1140 (Ind. Ct. App. 2024); *see also In re Guardianship of L.L.*, 745 N.E.2d 222, 230 (Ind. Ct. App. 2001), *trans. denied*. First, the "natural parent seeking to modify custody has the burden of establishing the statutory requirements for modification by showing modification is in the child's best interest, and that there has been a

substantial change in one or more of the enumerated factors[.]" *K.I. ex rel. J.I. v. J.H.*, 903 N.E.2d 453, 460 (Ind. 2009). However, "as a practical matter this is no burden at all." *Id.* The first requirement—best interests—is "met from the outset," as there is a "'strong presumption that a child's interests are best served by placement with the natural parent.'" *Id.* (quoting *In re Guardianship of B.H.*, 770 N.E.2d 283, 287 (Ind. 2002)). As to the second requirement, the burden is "minimal" given a substantial change in any of the statutory factors—including a change in the parent's wishes for custody—suffices. *Id.* In short, "when custody is at issue between a third party and a natural parent, we begin with the presumption in favor of the natural parent." *A.M.J.*, 228 N.E.3d at 1140.

[10] Second, the third party may then rebut this presumption by showing clear and convincing evidence "that the child's best interests are substantially and significantly served by placement with another person." *B.H.,* 770 N.E.2d at 287. Although not an exhaustive list, evidence sufficient to overcome the presumption may include the parent's (1) present unfitness, (2) long acquiescence in the third party's custody, or (3) voluntary relinquishment or abandonment of the child "such that the affections of the child and third party have become so interwoven that to sever them would seriously mar and endanger the future happiness of the child." *Id.*

[11] If the third party rebuts the parent presumption, the trial court proceeds to the third step. *A.M.J.*, 228 N.E.3d at 1141. The third party must demonstrate that, based on the relevant custody statutes, a substantial change occurred and that

the child's best interests are substantially and significantly served by placement with the third party. *Id.*

[12] In sum, to modify custody in favor of Grandmother here, the court

> was required to begin with the presumption in favor of [Mother], [Child's] natural parent. Then, in the second step, the trial court was required to find by clear and convincing evidence that the natural-parent presumption was overcome. Lastly, **if the trial court so found**, the trial court was required to find, also by clear and convincing evidence, that, based on the relevant custody statutes: (1) a substantial change occurred, and (2) modifying custody was in the [Child's] best interests.

*Id.* (emphasis added).

[13] Here, the trial court determined Grandmother failed to rebut the natural-parent presumption in favor of Mother. Grandmother does not argue this was erroneous. Rather, she argues that the trial court—notwithstanding the presumption—should nonetheless have gone on to the third step and determined whether a substantial change occurred and that the modification was in Child's best interests under Sections 31-14-13-2 and 31-14-13-2.5.

[14] We disagree. As detailed above, the court engages in a three-step analysis when determining whether to modify custody in favor of a third party against a natural parent. In the first step, as the trial court did here, we presume Child should be placed with Mother. Second, we determine whether Grandmother has rebutted this presumption by showing "that the child's best interests are substantially and significantly served by placement" with her. *B.H.,* 770 N.E.2d

at 287. The trial court found Grandmother failed to do this, and she does not challenge this finding.

[15] At this point, the analysis ends, as only if the presumption is rebutted does the trial court continue to the third step. *See L.J.*, 223 N.E.3d at 720 ("If the presumption is rebutted, then the trial court engages in a best-interests analysis using the factors in Indiana Code sections 31-14-13-2 and 31-14-13-2.5."); *A.M.J.*, 228 N.E.3d at 1141 ("If the third party overcomes the natural-parent presumption, the trial court proceeds" to the next step and determines whether the third party showed there was a substantial change and modification was in the child's best interests); *In re Guardianship of L.L.*, 745 N.E.2d 222, 231 (Ind. Ct. App. 2001) ("If the [natural-parent] presumption is rebutted, then the court engages in a general 'best interests' analysis."), *trans. denied*.

[16] Accordingly, the trial court did not, and indeed was not required to, determine whether Grandmother sufficiently showed a substantial change occurred and that the modification was in Child's best interests under Sections 31-14-13-2 and 31-14-13-2.5. Grandmother has not persuaded us that the trial court abused its discretion by modifying custody of Child in favor of Mother.[1]

---

[1] Grandmother also contends the trial court erred in "reject[ing] Grandmother's claim of de facto custodian status." Appellant's Br. p. 13. But the trial court made no determination as to whether Grandmother was a de facto custodian because Grandmother did not rebut the natural-parent presumption. As explained above, this is consistent with the analysis laid out in *K.I.*, in which the best-interests factors under Sections 31-14-13-2 and 31-14-13-2.5—including whether there is a de facto custodian—are analyzed only if the natural-parent presumption is rebutted.

Affirmed.

Brown, J., and Felix, J., concur.

ATTORNEYS FOR APPELLANT

Bryan L. Ciyou
Ciyou & Associates, P.C.
Indianapolis, Indiana

Anne M. Lowe
Fugate Gangstad Lowe, LLC
Carmel, Indiana

PRO SE APPELLEE

Katherine Armstrong
Edinburgh, Indiana